05-6151
McNamee v. IRS

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

- - - - - -

August Term, 2006

(Argued: December 8, 2006                    Decided: May 23, 2007)

Docket No. 05-6151-cv

_____

SEAN P. McNAMEE,

                                        Plaintiff-Appellant,

                        - v. -

DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE,

                                        Defendant-Appellee.

_____

Before:  KEARSE and STRAUB, Circuit Judges, and KEENAN, District
         Judge*.

         Appeal from a judgment of the United States District Court
for the District of Connecticut, Christopher F. Droney, Judge,
upholding Internal Revenue Service determination that plaintiff is
personally liable for the employment tax liabilities of his wholly-
owned limited-liability company, which he had chosen not to have
treated as a corporation.

         Affirmed.

_____

*Honorable John F. Keenan, of the United States District Court for
the Southern District of New York, sitting by designation.

SEAN P. McNAMEE, Wallingford, Connecticut,
Plaintiff-Appellant pro se.

BRIDGET M. ROWAN, Attorney, Tax Division,
Department of Justice, Washington, D.C.
(Eileen J. O'Connor, Assistant Attorney
General, David I. Pincus, Attorney, Tax
Division, Washington, D.C., Kevin J.
O'Connor, United States Attorney for the
District of Connecticut, on the brief),
for Defendant-Appellee.

KEARSE, Circuit Judge:

Plaintiff pro se Sean P. McNamee, the single-member owner of a now-defunct limited liability company (or "LLC") formed under Connecticut law, appeals from a judgment of the United States District Court for the District of Connecticut, Christopher F. Droney, Judge, rejecting his challenge to a determination by the Internal Revenue Service ("IRS") under Treasury Regulations §§ 301.7701-2 and 301.7701-3, 26 C.F.R. §§ 301.7701-2 and 301.7701-3, that, because of his failure to exercise his option to have his LLC treated as a corporation, McNamee was personally liable for the LLC's employment tax liabilities. McNamee alleged principally that the Treasury Regulations, and hence the IRS determination, were contrary (a) to state law treating an LLC and its members as separate entities, and (b) to provisions of the Internal Revenue Code (or "Code"). The district court, concluding that the Treasury Regulations were both consistent with the Code and reasonable, ruled in favor of the government. On appeal, McNamee pursues his contentions that the regulations are invalid because they contravene state law and the federal statutory scheme. For the reasons that

follow, we affirm.

## I. BACKGROUND

The material facts appear to be undisputed. McNamee was the sole proprietor of an unincorporated accounting firm, W.F. McNamee & Company LLC ("WFM-LLC"), a Connecticut limited liability company that ceased operation in March 2002. WFM-LLC employed an average of six persons.

The Internal Revenue Code imposes two forms of employment tax obligations on an employer (hereinafter "payroll taxes"). First, the employer is required to pay unemployment taxes, see 26 U.S.C. § 3301, and to make contributions to its employees' social-security and Medicare benefits pursuant to the Federal Insurance Contributions Act ("FICA"), see id. § 3111. Second, the employer is required to withhold from employee compensation and remit to the government (a) employee income taxes, see id. § 3402, and (b) the employees' own mandated FICA contributions, see id. §§ 3101, 3102(b). With respect to the third and fourth quarters of 2000 and all four quarters of 2001, WFM-LLC made no payment of any of the required payroll taxes.

The Code recognizes a variety of business entities-- including corporations, companies, associations, partnerships, sole proprietorships, and groups--and, based on the classifications, treats the entities in various ways for income tax purposes. For example, the income of a corporate entity is generally subject to a

double wave of taxation, in that the corporation is taxed directly, see 26 U.S.C. § 11(a), and its individual shareholders are further taxed on dividends paid to them out of the corporation's income, see id. § 61(a)(7). In contrast, an unincorporated sole proprietorship that is treated as such is taxed only once: the owner simply lists his business income on Schedule C of his individual tax return; the proprietorship entity is not directly taxed, see generally id. § 61(a)(2); 26 C.F.R. § 301.7701-3(b).

As discussed in greater detail in Part II below, the Code's definitions of various types of business entities are broad, and to some extent they overlap one another. See 26 U.S.C. § 7701(a). In an attempt to eliminate ambiguity, the Treasury Regulations instruct that certain entities must be classified as corporations, see 26 C.F.R. § 301.7701-2(b), while other entities are permitted to decide for themselves whether or not to be treated as corporations, see id. § 301.7701-3. Thus, an entity whose classification as a corporation is not required (referred to in the Regulations as an "eligible entity"), and which has only one owner, has the option of being classified either as an "association"--which is defined in § 301.7701-2(b)(2) as a corporation--or as a "sole proprietorship" that is to be "disregarded as an entity separate from its owner," id. § 301.7701-2(a).

An eligible entity exercises that option simply by filing IRS Form 8832, entitled "Entity Classification Election," having checked the appropriate box on the Form. See id. § 301.7701-3(c) (the "check-the-box" regulation). In the absence of such an

election, an eligible entity that has only one owner is disregarded as a separate entity. See id. § 301.7701-3(b).

WFM-LLC, McNamee's LLC, was not required to be classified as a corporation, and McNamee elected not to have it treated as one. Thus, under the Treasury Regulations, WFM-LLC was disregarded as a separate entity and was treated as a sole proprietorship. WFM-LLC's unpaid payroll taxes for 2000 and 2001 totaled $64,736.18. The IRS, having disregarded WFM-LLC as a separate entity, assessed those taxes against McNamee personally and placed a lien on his property.

McNamee filed a timely administrative appeal. He did not dispute WFM-LLC's liability for the unpaid $64,736.18. However, pointing to sections of Connecticut law providing that members of an LLC are not personally liable for the debts of the LLC, see, e.g., Conn. Gen. Stat. Ann. § 34-133 (West 2005), he argued that the IRS did not have the authority to "unilaterally pierce the corporate veil of an LLC simple [sic] by looking at how it reports it's [sic] income," and that the IRS's application of the check-the-box regulation was therefore "in direct conflict with the right of an LLC member." (McNamee Request for a Collection Due Process Hearing.)

In a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated October 23, 2003 ("IRS Determination"), the IRS Appeals Office rejected McNamee's appeal. The unpaginated explanatory Attachment ("IRS Determination Attachment") stated that the IRS's review confirmed that "[WFM-LLC] was set up as a single member LLC, and that you, as the single

-5-

member, did not elect association status . . . ." (IRS Determination Attachment, first page.) After discussing the pertinent Treasury Regulations, the IRS concluded that, "[t]herefore, the LLC has been disregarded as an entity separate from you. You, as the single member owner, are personally liable for the employment tax debt of the LLC" (id. third page). The IRS also noted that, while the administrative appeal was pending, McNamee had terminated the existence of WFM-LLC (see id. first page), and that he offered no alternative means of collecting the amount due (see id. third page).

McNamee brought the present action in the district court pursuant to, inter alia, 26 U.S.C. §§ 6320 and 6330, seeking review of the IRS's administrative determination. He principally reiterated his contentions that the IRS had no authority to disregard the protection from liability afforded to members of an LLC by Connecticut law and thereby hold him responsible for WFM-LLC's tax liabilities. He also contended that the regulations relied on by the IRS conflicted with provisions of the Internal Revenue Code.

McNamee moved for summary judgment in his favor. The government moved for affirmance of its determination that McNamee is liable for WFM-LLC's unpaid payroll taxes. The district court summarily denied McNamee's motion and granted the IRS's motion, "find[ing] that the regulations at issue here were both reasonable and consistent with the purposes of the revenue statutes." Ruling on Pending Motions, dated September 26, 2005, at 1.

Judgment was entered in favor of the government, and this appeal followed.

## II.  DISCUSSION

On appeal, McNamee argues principally that the check-the-box regulations "directly contradict the relevant statutory provisions of the Internal Revenue Code" (McNamee brief on appeal at 2), violate federal policy, and "ignore the limited liability laws created by local legislation," (id. at 6).  He also argues that an IRS proposal in October 2005 to amend the check-the-box regulations--and relieve the owner of a single-member LLC from any possibility of personal liability for the LLC's payroll tax liability--shows that the current check-the-box regulation is "wrong" (id. at 7).  Finding no merit in any of McNamee's contentions, we affirm.

### A.  The Validity of the Treasury Regulations

#### 1.  The Standard of Review

In reviewing a challenge to an agency regulation interpreting a federal statute that the agency is charged with administering, the first duty of the courts is to determine "whether the statute's plain terms 'directly addres[s] the precise question at issue.'"  National Cable & Telecommunications Ass'n v. Brand X

_Internet Services_, 545 U.S. 967, 986 (2005) ("_National Cable_") (quoting _Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc._, 467 U.S. 837, 843 (1984)). "If the statute is ambiguous on the point, we defer . . . to the agency's interpretation so long as the construction is 'a reasonable policy choice for the agency to make.'" _National Cable_, 545 U.S. at 986 (quoting _Chevron_, 467 U.S. at 845). As stated in _Chevron_ itself,

> [f]irst, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, _the court does not simply impose its own construction on the statute_, as would be necessary in the absence of an administrative interpretation. Rather, _if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute_.

467 U.S. at 842-43 (footnotes omitted) (emphases added).

"If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation[, and s]uch legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." _Id._ at 843-44. _See also_ _United States v. Mead Corp._, 533 U.S. 218, 226-27 (2001) ("administrative implementation of a particular statutory provision qualifies for _Chevron_ deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency

interpretation claiming deference was promulgated in the exercise of that authority").

In the Internal Revenue Code, Congress expressly delegated authority to the Secretary of the Treasury to adopt regulations to fill in gaps in the Code:

**§ 7805. Rules and regulations**

**(a) Authorization**
Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, <u>the Secretary shall prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue</u>.

. . . .

**(d) Manner of making elections prescribed by Secretary**
Except to the extent otherwise provided by this title, any election under this title shall be made at such time and in such manner as the Secretary shall prescribe.

26 U.S.C. §§ 7805(a) and (d) (emphasis added); <u>see also</u> 26 U.S.C. § 7701(a)(11)(B) ("The term 'Secretary' means the Secretary of the Treasury or his delegate."). With respect to the promulgation of regulations interpreting the Code, the Secretary of the Treasury has delegated authority to the Commissioner of Internal Revenue ("Commissioner"). <u>See</u> 26 C.F.R. § 301.7805-1. "Because Congress has delegated to the Commissioner the power to promulgate 'all needful rules and regulations for the enforcement of [the Internal Revenue Code],' 26 U.S.C. § 7805(a), we must defer to his regulatory interpretations of the Code so long as they are reasonable, see <u>National Muffler Dealers Assn., Inc.</u> v. <u>United States</u>, 440 U.S. 472,

476-477 (1979)."  <u>Cottage Savings Ass'n v. Commissioner of Internal</u> <u>Revenue</u>, 499 U.S. 554, 560-61 (1991).


     2.   <u>The Relevant Provisions of the Code</u>

The Internal Revenue Code sets out "[d]efinitions" of various types of business entities in the first three subsections of § 7701(a), under the headings "Person[s]," "Partnership[s]," and "Corporation[s]."  As an examination of these provisions reveals, the categories are overlapping and somewhat ambiguous:

> (a)  When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof--
>
> **(1) Person**
> The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation.
>
> **(2) Partnership** . . .
> The term "partnership" includes a syndicate, group, pool, joint venture, or <u>other</u> <u>unincorporated organization</u>, through or by means of which any business, financial operation, or venture is carried on, and <u>which</u> <u>is not, within the meaning of this title</u>, a trust or estate or <u>a corporation</u> . . . .
>
> **(3) Corporation**
> The term "corporation" includes associations . . . .

26 U.S.C. §§ 7701(a)(1), (2), and (3) (emphases added).  Thus, each subsection tends to be illustrative, rather than definitive, and none of them specifies the characteristics of the entity that it "defin[es]."

Potential overlap among definitions is evident from the

lack of even illustrative definitional entries of such terms as "company" and "association." For example, a "company" could be deemed a "partnership" within the meaning of subsection (a)(2) if it is an "unincorporated organization"; but it is a "corporation" within the meaning of subsection (a)(3) if it is an "association." However, the Code contains no definition of the term "association." It does, however, define the term "shareholder" to "include[] a member in an association." Id. § 7701(a)(8). Sole proprietorships are nowhere defined in the Code, although the existence of such a business form is recognized, see, e.g., 26 U.S.C. § 172(b)(1)(F)(iii) (relating to net operating loss carryovers and carrybacks).

Limited liability companies are not expressly mentioned, much less defined, in the Code. Although an LLC might be considered a company or an association, its proper characterization is not clear from the terms of the Code itself. Limited liability companies are "a relatively new business structure allowed by state statute," having some features of corporations and some features of partnerships. IRS Publication 3402, Tax Issues for Limited Liability Companies 1 (2000), available at http://www.irs.gov/businesses/small/article/0,,id-=98277,00.html ("IRS Pub. 3402"). For example, "similar to a corporation, owners have limited personal liability for the debts and actions of the LLC." Id.; see, e.g., Conn. Gen. Stat. Ann. § 34-133. "Other features of LLCs are more like a partnership, providing management flexibility," IRS Pub. 3402; see, e.g., Conn. Gen. Stat. Ann.

§§ 34-109 (execution of documents), 34-130 (agency), 34-140 (management), and in some cases affording "the benefit of pass-through taxation," IRS Pub. 3402; but see Conn. Gen. Stat. Ann. § 34-113 ("A limited liability company formed under sections 34-100 to 34-242 . . . . shall be treated, for purposes of taxes imposed by the laws of the state or any political subdivision thereof, in accordance with the classification for federal tax purposes." (emphases added)).

Under Connecticut law, a limited liability company may have a single member. See, e.g., id. §§ 34-101(10), 34-140(c). The Internal Revenue Code is unclear as to whether such a company falls within subsection (a)(2) or (a)(3) of § 7701. It hardly seems to be a subsection (a)(3) "association," as one person does not associate with himself. Nor is a one-person operation in the same genre as the specific subsection (a)(2) entities that are included within the term "partnership"--i.e., "syndicate, group, pool, joint venture"--all of which, like the term partnership itself, denote combinations of persons rather than a single person, see, e.g., Conn. Gen. Stat. Ann. § 34-301(9) ("'Partnership' means an association of two or more persons . . . ."). The closest fit for a single-owner LLC would seem to be "other unincorporated organization"--an organization that might or might not be an entity separate from its owner.

3. The Gap-Filling Treasury Regulations

Against this ambiguous statutory background, the Treasury Regulations were intended to provide straightforward guidance as to

-12-

how various types of entities, including single-owner businesses, are to be classified for tax purposes. Treasury Regulation § 301.7701-1 states "[i]n general" that

> [t]he Internal Revenue Code prescribes the classification of various organizations for federal tax purposes. <u>Whether an organization is an entity separate from its owners for federal tax purposes is a matter of federal tax law and does not depend on whether the organization is recognized as an entity under local law</u>.
>
> . . . .
>
> (4) <u>Single owner organizations</u>. Under §§ 301.7701-2 and 301.7701-3, <u>certain organizations that have a single owner can choose to be recognized or disregarded as entities separate from their owners</u>.

26 C.F.R. §§ 301.7701-1(a)(1) and (4) (emphases added). The Regulations proceed to describe the classification of business entities:

> (a) <u>Business entities</u>. For purposes of this section and § 301.7701-3, a <u>business entity</u> is any entity recognized for federal tax purposes (<u>including an entity with a single owner that may be disregarded as an entity separate from its owner under § 301.7701-3</u>) that is not properly classified as a trust under § 301.7701-4 or otherwise subject to special treatment under the Internal Revenue Code. A business entity with two or more members is classified for federal tax purposes as either a corporation or a partnership. <u>A business entity with only one owner is classified as a corporation **or** is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship, branch, or division of the owner</u>.

26 C.F.R. § 301.7701-2(a) (emphases added). Subsection (b) of this Regulation defines the term "corporation" to include a business entity that is incorporated under federal or state law, <u>see</u> <u>id</u>. § 301.7701-2(b)(1), an "<u>association</u> (as determined under

-13-

§ 301.7701-3)," id. § 301.7701-2(b)(2) (emphasis added), and various other business entities, see id. §§ 301.7701-2(b)(3), (4), (5), (6), (7), and (8).

Subsection (c) of Treasury Regulation 301.7701-2 states in pertinent part, with regard to "[o]ther business entities," that "[f]or federal tax purposes,"

> (1) The term partnership means a business entity that is not a corporation under paragraph (b) of this section and that has at least two members.

> (2) Wholly owned entities--(i) In general. A business entity that has a single owner and is not a corporation under paragraph (b) of this section is disregarded as an entity separate from its owner.

26 C.F.R. §§ 301.7701-2(c)(1) and (2)(i). Finally, Treasury Regulation 301.7701-3(a) provides that "an eligible entity"--which it defines as a "business entity that is not classified as a corporation under § 301.7701-2(b)(1), (3), (4), (5), (6), (7), or (8)"--is given an option whether or not to be classified as a corporation. Thus,

> [a]n eligible entity with at least two members can elect to be classified as either an association (and thus a corporation under § 301.7701-2(b)(2)) or a partnership, and an eligible entity with a single owner can elect to be classified as an association or to be disregarded as an entity separate from its owner. Paragraph (b) of this section provides a default classification for an eligible entity that does not make an election. . . .

> (b) Classification of eligible entities that do not file an election--(1) Domestic eligible entities. Except as provided in paragraph (b)(3) of this section, unless the entity elects otherwise, a domestic eligible entity is--

> > (i) A partnership if it has two or more members; or

-14-

(ii) <u>Disregarded as an entity separate from its owner if it has a single owner</u>.

26 C.F.R. §§ 301.7701-3(a) and (b)(1) (emphases added). <u>See also</u> <u>id</u>. § 301.7701-3(b)(3) (a single-owner entity that was in existence prior to the effective date of this regulation and that claimed to be a partnership under the prior regulations will be disregarded as an entity separate from its owner).

An entity files its election to be treated as an association simply by checking the appropriate box or boxes on IRS "Form 8832, Entity Classification Election" and filing that Form. <u>Id</u>. § 301.7701-3(c).

These regulations became effective on January 1, 1997, replacing regulations, known as the "Kintner regulations," that had been in place since 1960. The Kintner regulations had been adequate during the first several decades after their adoption. But, as explained in the 1996 proposal for their amendment, the Kintner regulations were complicated to apply, especially in light of the fact that

> many states ha[d] revised their statutes to provide that partnerships and other unincorporated organizations may possess characteristics that traditionally have been associated with corporations, thereby narrowing considerably the traditional distinctions between corporations and partnerships under local law.

Simplification of Entity Classification Rules, 61 Fed. Reg. 21989, 21989-90 (proposed May 13, 1996). "One consequence of the increased flexibility" in local laws authorizing an entity that "in all meaningful respects, is virtually indistinguishable from a corporation" was that the Kintner regulations required "taxpayers

-15-

and the IRS [to] expend considerable resources on classification issues." Id. at 21990; see, e.g., Littriello v. United States, No. 05-6494, 2007 WL 1093723, at *3 (6th Cir. Apr. 13, 2007) ("Littriello") (the Kintner regulations "proved less than adequate to deal with the new hybrid business entities--limited liability companies, limited liability partnerships, and the like--developed in the last years of the last century under various state laws").

In light of the emergence of limited liability companies and their hybrid nature, and the continuing silence of the Code on the proper tax treatment of such companies in the decade since the present regulations became effective, we cannot conclude that the above Treasury Regulations, providing a flexible response to a novel business form, are arbitrary, capricious, or unreasonable. The current regulations allow the single-owner limited liability company to choose whether to be treated as an "association"--i.e., a corporation--or to be disregarded as a separate entity. If such an LLC elects to be treated as a corporation, its owner avoids the liabilities that would fall upon him if the LLC were disregarded; but he is subject to double taxation--once at the corporate level and once at the individual shareholder level. If the LLC chooses not to be treated as a corporation, either by affirmative election or by default, its owner will be liable for debts incurred by the LLC, but there will be no double taxation. The IRS check-the-box regulations, allowing the single-owner LLC to make the choice, are therefore eminently reasonable. Accord Littriello, 2007 WL 1093723, at *4-*6.

### 4. The Proposed New Regulations

McNamee's contention that the fact that the IRS has proposed new regulations that would definitively make an LLC's single owner not liable for the LLC's unpaid payroll taxes means that the current regulations are "wrong" (McNamee brief on appeal at 7) is wide of the mark. To begin with, "'[i]t goes without saying that a _proposed_ regulation does not represent an agency's considered interpretation of its statute and that an agency is entitled to consider alternative interpretations before settling on the view it considers most sound.'" Littriello, 2007 WL 1093723, at *7 (quoting Commodity Futures Trading Commission v. Schor, 478 U.S. 833, 845 (1986)) (emphasis ours).

Further, "if the agency adequately explains the reasons for a reversal of policy, change is not invalidating, since the whole point of Chevron is to leave the discretion provided by the ambiguities of a statute with the implementing agency," and to allow the agency to "consider varying interpretations and the wisdom of its policy on a continuing basis, . . . for example, in response to changed factual circumstances." National Cable, 545 U.S. at 981 (internal quotation marks omitted).

Here, the IRS explained that its October 2005 proposal to change the regulations was a response to

> [a]dministrative difficulties [that] have arisen from the interaction of the disregarded entity rules and the federal employment tax provisions. Problems have arisen for both taxpayers and the IRS with respect to reporting, payment and collection of employment taxes, particularly where state employment tax law also sets requirements for reporting, payment and collection that may be in

> conflict with the federal disregarded entity rules. The Treasury Department and the IRS believe that treating the disregarded entity as the employer for purposes of federal employment taxes will improve the administration of the tax laws and simplify compliance.

Disregarded Entities; Employment and Excise Taxes, 70 Fed. Reg. 60475, 60476 (proposed Oct. 18, 2005). The proposed changes, which have not been adopted as of the filing of this opinion, provide no basis for finding the existing regulations unreasonable.

B.   McNamee's Reliance on State Law

McNamee also contends that the Treasury Regulations are invalid on the theory that they ignore the Connecticut law provisions that accord an LLC member limited liability. He states that "the treasury has consistently held that the owner of a single member LLC is the employer for Federal tax purposes," and argues that United States v. Galletti, 541 U.S. 114 (2004), shows that the IRS exceeded its authority "in attempt[ing] to ignore the limited liability laws created by local legislation." (McNamee brief on appeal at 6.) We are unpersuaded.

First, as discussed in Part II.A.3. above, the IRS has not dictated that the owner of a single-member LLC always be considered the employer for federal tax purposes; rather, it has given the LLC the option to elect association status. If the LLC elects to be treated as an association, the LLC is regarded as the employer.

Second, Galletti did not involve either Treasury Regulations interpreting the Code or a single-member limited liability company. Galletti involved nonpayment of payroll taxes by

a partnership and the government's assertion of claims for the unpaid taxes in individual bankruptcy proceedings filed by the partnership's general partners. The question raised was "whether, in order for the United States to avail itself of the 10-year increase in the statute of limitations for collection of a tax debt, it must assess the taxes not only against a partnership that is directly liable for the debt, but also against each individual partner who might be jointly and severally liable for the debts of the partnership." 541 U.S. at 116. The Supreme Court noted that under state law, a partnership was regarded as an entity separate from its partners and that the liability of the partners for partnership debt was secondary, i.e., derived from the liability of the partnership. See id. at 116, 122 n.4. The Court held that the government was not required, in order to press its claims in bankruptcy, to assess the payroll taxes against the individual partners because payroll taxes are imposed on the "employer," e.g., 26 U.S.C. §§ 3402, 3403, and the employer was the partnership, rather than its partners, see 541 U.S. at 121. The Galletti Court's identification of the partnership as the employer has no bearing on whether the sole owner of an LLC is to be considered the employer.

A partnership, as discussed above, has at least two members; and while a partnership may elect to be treated as a corporation, "partnership" and "corporation" are its only options. 26 C.F.R. § 301.7701-3(a) ("An eligible entity with at least two members can elect to be classified as either an association (and thus a corporation under § 301.7701-2(b)(2) or a partnership

-19-

. . . ." (emphases added)); id. § 301.7701-2(a) ("A business entity with two or more members is classified for federal tax purposes as either a corporation or a partnership." (emphases added)). There is no Code provision or regulation that allows a partnership to be disregarded as an entity in order for its partners to be treated as the taxable entity. Thus, it is hardly remarkable that the Galletti Court concluded that the employer was the partnership rather than its partners.

Further, we note that although the payroll tax sections of the Code define "employer"--in various ways--see 26 U.S.C. §§ 3306 and 3401, as discussed in Part II.A.2. above the Code does not even mention limited liability companies. Thus, nothing in the Code provides that an LLC is always to be regarded, for purposes of federal taxation, as the employer. Under the pertinent Treasury Regulations, the single-member LLC is the employer if it elects to be treated as a corporation; but if it does not elect that treatment, it is "[d]isregarded" as a "separate" entity, 26 C.F.R. § 301.7701-3(b)(1)(ii) (emphasis added), and hence cannot be regarded as the employer.

Finally, we reject McNamee's contention that the IRS's attempt to collect his LLC's unpaid payroll taxes from him is impermissible because it violates the limited-liability rights granted him by state law. As the Court of Appeals for the Sixth Circuit noted in rejecting such a claim in Littriello,

> [t]he federal government has historically disregarded state classifications of businesses for some federal tax purposes. In Hecht v. Malley, 265 U.S. 144 . . . (1924), for example, the United

-20-

States Supreme Court held that Massachusetts trusts were "associations" within the meaning of the Internal Revenue Code despite the fact they were not so considered under state law. As courts have repeatedly observed, state laws of incorporation control various aspects of business relations; they may affect, but do not necessarily control, federal tax provisions. See, e.g., Morrissey, 296 U.S. at 357-58 . . . (explaining that common law definitions of certain corporate forms do not control interpretation of federal tax code). As a result, . . . single-member LLCs are entitled to whatever advantages state law may extend, but state law cannot abrogate [their owner's] federal tax liability.

Littriello, 2007 WL 1093723, at *6. We agree.

Moreover, McNamee could have had the benefit of limited personal liability if he had simply elected to have his LLC treated as a corporation; he chose not to do so and thereby avoided having the LLC taxed as a separate entity. We know of no provision, policy, or principle that required the federal government to allow him both to escape personal liability for the taxes owed by his sole proprietorship and to have the proprietorship escape taxation as a separate entity.

## CONCLUSION

We have considered all of McNamee's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.