Emiel A. KANDI, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 06–35209.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2008.

Filed Sept. 25, 2008.

Robert M. McCallum, Esquire, Lesourd & Patten, P.S., Seattle, WA, for Plaintiff–Appellant.

Bridget M. Rowan, Esquire, Nathan J. Hochman, Esquire, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

MEMORANDUM *

Emiel Kandi appeals the district court's decision granting summary judgment to

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Internal Revenue Service ("IRS"). Kandi moved for redetermination of his tax liability in the district court after the IRS concluded that he was liable for unpaid employment taxes that accrued in 2001. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Kandi challenges the validity of Treasury Regulations § 301.7701–1, § 301.7701–2, and § 301.7701–3. Kandi did not challenge the validity of the regulations before the district court. This court ordinarily declines to consider arguments raised for the first time on appeal. *Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir.2004). Here, however, we exercise our discretion to consider Kandi's argument because "the issue is purely one of law, does not affect or rely upon the factual record developed by the parties, and [consideration of the issue] will not prejudice" the government. *Id.* (quoting *Janes v. Wal–Mart Stores, Inc.*, 279 F.3d 883, 888 n. 4 (9th Cir.2002)).

The Internal Revenue Code grants authority to the Treasury Department to "prescribe all needful rules and regulations for the enforcement of this title." 26 U.S.C. § 7805(a). The regulations Kandi challenges provide for the taxation of certain business entities, including limited liability companies ("LLCs"). Kandi concedes that Congress has not clearly addressed how LLCs should be taxed. Where Congress has not directly addressed the question at issue, courts defer to an agency's interpretation of the statute if it is "reasonable." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

■ We conclude that the agency's interpretation of the Internal Revenue Code here was reasonable. The Internal Revenue Code defines person, partnership and corporation, but it does not state whether an LLC fits under any of these definitions.

26 U.S.C. § 7701. The broad statutory definitions of "employer" Kandi cites similarly do not answer the question of who constitutes the employer for federal tax purposes in the context of a sole member LLC. The regulations at issue here were a reasonable attempt by the Treasury Department to fill in gaps left in the statute regarding the taxation of LLCs and other new forms of business entities. *See McNamee v. Dept. of Treasury*, 488 F.3d 100, 109 (2d Cir.2007); *Littriello v. United States*, 484 F.3d 372, 378 (6th Cir.2007).

The recent decision by the IRS to adopt new regulations regarding the taxation of sole member LLCs does not change the result here. *See* 72 Fed.Reg. 45,891 (Aug. 16, 2007). The new regulations are applicable to taxes on wages paid after January 1, 2009, and thus do not apply to Kandi's unpaid 2001 employment taxes. *Id.* The agency's recent decision to adopt an alternative approach also does not mean that the regulations challenged here are incompatible with the statute. Either approach is permissible under the statute because the statute is silent on how LLCs should be taxed. Finally, the agency's decision to adopt a new approach does not strip it of *Chevron* deference. *See Natl. Cable & Telecomm. Ass'n v. Brand X Internet Svcs.*, 545 U.S. 967, 981, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005) ("Agency inconsistency is not a basis for declining to analyze the agency's interpretation under the *Chevron* framework.").

Because the agency's attempt to fill in gaps in the Internal Revenue Code was reasonable, we affirm the district court's decision granting summary judgment to the IRS.

**AFFIRMED.**