132 T.C. No. 7

UNITED STATES TAX COURT

MEDICAL PRACTICE SOLUTIONS, LLC,
CAROLYN BRITTON, SOLE MEMBER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14668-07L.              Filed March 31, 2009.

Single member LLC failed to pay employment taxes for several periods.  Notices of lien and of intent to levy were sent to B, sole member of LLC.  After hearing under sec. 6330, I.R.C., notice of determination sustaining lien and proposed levy were sent to "LLC, B, Sole Member", pursuant to sec. 301.7701-3(b), Proced. & Admin. Regs. (check-the-box regulations).  B claims that only LLC is liable and that check-the-box regulations (as applicable to employment taxes related to wages paid before January 1, 2009) are invalid.
        <u>Held</u>:  Collection may proceed against B. <u>Littriello v. United States</u>, 484 F.3d 372 (6th Cir. 2007), and <u>McNamee v. Dept. of the Treasury</u>, 488 F.3d 100 (2d Cir. 2007), followed.

Carolyn Britton, for petitioner.

Louise Forbes, for respondent.

OPINION

COHEN, Judge:  This case was commenced in response to a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 addressed to "Medical Practice Solutions LLC, Carolyn Britton, Sole Member" (petitioner), with respect to unpaid employment taxes for quarters ended March 31 and June 30, 2006.  Unless otherwise indicated, all section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether "check-the-box" regulations, specifically section 301.7701-3(b), Proced. & Admin. Regs., in effect for the periods in issue were invalid in allowing pursuit of collection of employment taxes against the sole member of a limited liability company.

Background

All of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Carolyn Britton (Britton) resided in Massachusetts at the time the petition was filed.  During the periods in issue, Medical

Practice Solutions, LLC (the LLC) was a single-member limited liability company registered in the Commonwealth of Massachusetts with its principal office in Massachusetts.

Britton was the sole member of the LLC during the periods in issue and treated the LLC as her sole proprietorship on Schedule C, Profit or Loss From Business, of her Federal income tax return for 2006. She did not elect to have the LLC treated as a corporation for Federal income tax purposes.

Forms 941, Employer's Quarterly Federal Tax Return, for the periods in issue were filed in the name of the LLC. For the period ended March 31, 2006, the Form 941 reported tax liability in the amount of $16,648.01. For the period ended June 30, 2006, the Form 941 reported tax liability of $18,434.58. The reported amounts were not paid for either period.

On December 12, 2006, the Internal Revenue Service (IRS) sent to Britton a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to the unpaid employment taxes for the periods in issue. On December 20, 2006, the IRS sent to Britton a Notice of Federal Tax Lien Filing and Your Right to A Hearing Under IRC 6320. On January 10, 2007, Britton requested a hearing with respect to each collection action. The request for hearing suggested as a collection alternative a purported installment agreement dated August 9, 2006. The request for hearing also requested penalty abatement

for "reasonable cause". A letter attached to the request asserted, among other things, that the notice of Federal tax lien was against the wrong taxpayer because Britton "is not liable for the employment Taxes; Medical Practice Solutions, LLC is liable."

A hearing pursuant to section 6330 was conducted on April 23, 2007. In the notice of determination sent May 25, 2007, the levy action and the lien were sustained. At the time of the hearing and at the time of the notice, petitioner had not proposed an amount for an installment agreement and had not submitted supporting financial information. Petitioner had merely sent a letter dated August 9, 2006, asking that the letter be considered "a written request to set up a payment plan of the maximum duration and the minimum due now, permitted by law."

## Discussion

Before addressing the main issue in this case, we dispose of some arguments raised by petitioner that are unsupported by evidence, reason, or authority.

This case was submitted fully stipulated, and the requirements with respect to adducing proof, or the effect of failure of proof, apply. See Rule 122(b). Several of petitioner's arguments are based on claims as to the manner in which demands and notices were addressed and the pendency of an installment agreement, but there is no evidence in the record supporting those arguments. The stipulated exhibits contradict

petitioner's assertions that certain notices, including the notice of determination that is the basis of this case, were addressed "only" to the LLC. So far as the record reflects, all notices were either addressed to the LLC, Carolyn Britton, Sole Member, or to Britton.

The petition was initially filed in the names of the LLC and Britton, but the caption was corrected on order of the Court to be consistent with the notice of determination. Petitioner now claims that the Court lacks subject matter jurisdiction over Britton because no notice of determination was sent to her. The manner of address in the notice speaks for itself: it was sent to Britton as the sole member of the LLC, consistent with the regulations discussed below. For purposes of this proceeding, under those regulations, the LLC and its sole member are a single taxpayer or person to whom notice is given.

Petitioner asserts that certain IRS instructions for filing employment tax returns are misleading. There is no evidence supporting that characterization or showing that petitioner was misled.

Although in the request for hearing and the petition, petitioner raised an issue of abatement of penalties, there is no evidence of reasonable cause. Petitioner's opening brief did not address the penalties, and petitioner failed to file the reply brief ordered by the Court. Thus arguments concerning the

penalties have been abandoned.  See, e.g., <u>Nicklaus v.</u>
<u>Commissioner</u>, 117 T.C. 117, 120 n.4 (2001).

The "Check-The-Box" Regulations

The relevant parts of the regulations provide:

(b) Corporations.--For federal tax purposes, the
term <u>corporation</u> means--

(1)  A business entity organized under a Federal
or State statute, or under a statute of a federally
recognized Indian tribe, if the statute describes or
refers to the entity as incorporated or as a
corporation, body corporate, or body politic; [Sec.
301.7701-2(b)(1), Proced. & Admin. Regs.]

　　　*　　　*　　　*　　　*　　　*　　　*　　　*

(2)  Wholly owned entities.--(i) In general.--A
business entity that has a single owner and     is not
a corporation under paragraph (b) of this section is
disregarded as an entity separate from  its owner.
[Sec. 301.7701-2(c)(2), Proced. &      Admin. Regs.]

　　　*　　　*　　　*　　　*　　　*　　　*　　　*

(a)  In general.--A business entity that is not
classified as a corporation under §301.7701-2(b)(1),
(3), (4), (5), (6), (7), or (8) (an <u>eligible entity</u>)
can elect its classification for federal tax purposes
as provided in this section.  An eligible entity with
at least two members can elect to be classified as
either an association (and thus a corporation under
§301.7701-2(b)(2)) or a partnership, and an eligible
entity with a single owner can elect to be classified
as an association or to be disregarded as an entity
separate from its owner.  Paragraph (b) of this section
provides a default classification for an eligible
entity that does not make an election.  Thus, elections
are necessary only when an eligible entity chooses to
be classified initially as other than the default
classification or when an eligible entity chooses to
change its classification.  * * *

(b)  Classification of eligible entities that do
not file an election.--(1) Domestic eligible entities.

--Except as provided in paragraph (b)(3) of this
section, unless the entity elects otherwise, a domestic
eligible entity is--

        (i) A partnership if it has two or more members;
or

        (ii) Disregarded as an entity separate from its
owner if it has a single owner.  [Sec. 301.7701-3(a)
and (b)(1), Proced. & Admin. Regs.]

For employment taxes related to wages paid on or after January 1,
2009, a disregarded entity is treated as a corporation for
purposes of employment tax reporting and liability.  Sec.
301.7701-2(c)(2)(iv), Proced. & Admin. Regs., T.D. 9356, 2007-2
C.B. 675.

Petitioner's position is that the LLC was the employer
liable for the taxes in issue and that so-called check-the-box
regulations under which the IRS pursues collection against
Britton are invalid.  Petitioner contends that the amended
regulations, which reverse the effect of regulations applicable
to the periods in issue here, show that the prior regulations
were unreasonable.  Each of petitioner's contentions in this
regard, however, has been consistently rejected by other courts.

In Littriello v. United States, 484 F.3d 372 (6th Cir.
2007), the Court of Appeals upheld the check-the-box regulations
in the context of employment tax liabilities of a single-member
LLC.  After reviewing the history of the regulations and their
purpose in filling gaps left in the definitions of entities set
out in section 7701, the Court of Appeals analyzed the

regulations under <u>Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984). The Court of Appeals rejected arguments that the <u>Chevron</u> test had been modified by subsequent Supreme Court cases; the argument that the LLC's separate existence under State law had to be recognized; and the argument that the amendments to the regulations that had been proposed as of the time of <u>Littriello</u>'s litigation should reflect then-current Treasury Department policy and be applied to that case.

In <u>McNamee v. Dept. of the Treasury</u>, 488 F.3d 100 (2d Cir. 2007), the Court of Appeals considered almost identical arguments and reached the same result.  The court stated:

> In light of the emergence of limited liability companies and their hybrid nature, and the continuing silence of the Code on the proper tax treatment of such companies in the decade since the present regulations became effective, we cannot conclude that the above Treasury Regulations, providing a flexible response to a novel business form, are arbitrary, capricious, or unreasonable.  The current regulations allow the single-owner limited liability company to choose whether to be treated as an "association"--<u>i.e.</u>, a corporation--or to be disregarded as a separate entity. If such an LLC elects to be treated as a corporation, its owner avoids the liabilities that would fall upon him if the LLC were disregarded; but he is subject to double taxation--once at the corporate level and once at the individual shareholder level.  If the LLC chooses not to be treated as a corporation, either by affirmative election or by default, its owner will be liable for debts incurred by the LLC, but there will be no double taxation.  The IRS check-the-box regulations, allowing the single-owner LLC to make the choice, are therefore eminently reasonable.  <u>Accord</u> <u>Littriello</u>, 484 F.3d 372, 376-79.  [<u>Id.</u> at 109.]

Other courts that have addressed the specific issue before us have followed Littriello and McNamee. See Kandi v. United States, 97 AFTR 2d 721, 2006-1 USTC par. 50,231 (W.D. Wash. 2006), affd. 295 Fed. Appx. 873 (9th Cir. 2008); Stearn & Co., LLC v. United States, 499 F. Supp. 2d 899 (E.D. Mich. 2007).

Petitioner asserts that in Dover Corp. & Subs. v. Commissioner, 122 T.C. 324, 331 n.7 (2004), this Court "intimated, sua sponte" that the check-the-box regulations were invalid. The Court, however, specifically declined to give an opinion on the validity of the regulations, because neither party had raised the issue, and mentioned only that commentators had speculated on the subject. Moreover, Dover Corp. did not involve employment tax liability of a single-member LLC. Petitioner also cites People Place Auto Hand Carwash, LLC v. Commissioner, 126 T.C. 359 (2006), which involved employment tax liability of an LLC with more than one member. None of the cases petitioner cites speaks to the subject here.

Petitioner has not even addressed the authorities directly in point. She has given us no reason to reach a different result, and we have found none. She has not contested the underlying liabilities. We have considered her other contentions, but they are irrelevant or lack merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.