T.C. Memo. 2009-242

UNITED STATES TAX COURT

PETER M. COMENSOLI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 24712-07L, 3859-08L.    Filed October 26, 2009.

<u>Matthew S. DePerno</u>, for petitioner.

<u>Alexandra E. Nicholaides</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  The issue for decision is whether respondent may proceed to collect from petitioner the unpaid taxes of Paradym Group, LLC (Paradym).  For the reasons stated herein, we find that respondent may proceed by lien and levy.

FINDINGS OF FACT

The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Michigan at the time he filed his petition.  Petitioner is a college graduate with a degree in accounting and worked as a revenue agent for the Internal Revenue Service (IRS) for approximately 5 years.

Petitioner and A. Adonu Idahosa (Mr. Idahosa) formed a joint venture in 1988 called Symphony Financial Services (Symphony).  Petitioner and Mr. Idahosa shared clients, and income and expenses from Symphony were divided between them.  Petitioner reported his share of income from Symphony on a Schedule C, Profit or Loss From Business, attached to his Form 1040, U.S. Individual Income Tax Return.

TCF Leasing, Inc. (TCF Leasing), was incorporated in Michigan on May 21, 1992.  TCF Leasing's original shareholders were petitioner, his wife, and two children.  Petitioner repeatedly changed TCF Leasing's name over the next 10 years.  In January 2000 petitioner filed a certificate of amendment for TCF Leasing, changing the corporate name to Symphony Financial Services, Inc.  On April 12, 2007, petitioner filed another certificate of amendment, changing the corporate name and form to Back Porch Workout, LLC (Back Porch Workout).

Petitioner formed Paradym in December 2004 to operate a temporary and contract employment agency. Paradym was organized under the laws of the State of Michigan, and petitioner signed the Paradym articles of organization as "organizer". Petitioner filed subsequent annual statements for 2006 and 2007, labeling himself the "managing member" and "owner" respectively. Petitioner did not file a Form 8832, Entity Classification Election, for Paradym.

Paradym filed a Form 941, Employer's Quarterly Federal Tax Return, for the fourth quarter ending December 31, 2005, but did not pay the tax due. Respondent assessed the amount shown on the Form 941.

Levy Notice

On April 25, 2007, respondent sent petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) for Paradym's unpaid tax. Respondent issued the levy notice to petitioner on the grounds that because petitioner was the only member of Paradym, Paradym was disregarded for Federal income tax purposes and petitioner was therefore liable for Paradym's unpaid tax.

On May 29, 2007, petitioner filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing. Petitioner argued that the collection action was improper because petitioner was not the sole member of Paradym. Therefore respondent was

required to comply with the requirements of section 6672[1] before he could collect the unpaid tax from petitioner.[2]

On September 18, 2007, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 upholding respondent's levy.

Lien Notice

On June 28, 2007, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice). The lien notice was for the same tax as the levy notice: Paradym's Form 941 2005 fourth quarter taxes.

On July 23, 2007, petitioner submitted a request for a collection due process (CDP) hearing in response to the lien notice. Petitioner's request in response to the lien notice raised the same argument he had raised in his request in response to the levy notice. Petitioner argued that the collection action was improper because he was not the sole member of Paradym.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code.

[2]Sec. 6672(a) provides that a person required to collect, account for, and pay over taxes who willfully fails to do so or who willfully attempts to evade or defeat any such tax shall be liable for a penalty equal to the total amount of tax evaded, not collected, or not accounted for and paid over. Sec. 6672(b)(1) and (2) provides: (1) That no penalty may be imposed unless the Secretary notifies the taxpayer in person or in writing by mail to an address as determined under sec. 6212(b) that the taxpayer shall be subject to assessment for such penalty; and (2) that in-person delivery or mailing of the notice must precede any notice and demand for payment of the sec. 6672 penalty by at least 60 days.

Therefore respondent was required to comply with the requirements of section 6672 before he could collect the unpaid tax from petitioner.

On January 11, 2008, respondent issued a notice of determination upholding the filing of the tax lien. The notice of determination indicates that respondent did not consider the arguments petitioner raised in his request for a CDP hearing because he had raised them in his earlier hearing in response to the levy notice. Respondent, although petitioner did not request it, considered whether there were grounds to withdraw the tax lien. Finding no grounds for withdrawal, respondent upheld the filing of the lien.

Petitioner filed his petition in docket No. 24712-07L on October 29, 2007, in response to the notice of determination upholding respondent's levy. Petitioner filed his petition in docket No. 3859-08L on February 13, 2008, in response to the notice of determination upholding respondent's lien. A trial was held on February 3, 2009, during a special session of the Court in Detroit, Michigan.

OPINION

Collection Procedures

Section 6320(a)(1) provides that the Secretary must provide written notice to a taxpayer upon the filing of a lien under section 6323. Section 6320(a)(3)(B) provides that a taxpayer may

request a hearing with the IRS, and section 6320(c) provides that section 6330(c), (d) (other than paragraph (2)(B) thereof), and (e) shall apply to such hearing.

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made. Section 6330(b)(1) and (3) provides that if a person requests a hearing, that hearing shall be held before an impartial officer or employee of the IRS. At the hearing a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives, including offers-in-compromise. Sec. 6330(c)(2)(A). A taxpayer is precluded from contesting the existence or amount of the underlying tax liability at the hearing unless the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing the Appeals Office must make a determination whether the proposed lien or levy action may proceed. The Appeals Office is required to take into consideration: (1) The verification presented by the Secretary that the requirements of applicable law and administrative

procedure have been met; (2) the relevant issues raised by the taxpayer; and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns that the levy action be no more intrusive than is necessary. Sec. 6330(c)(3).

Section 6330(d) grants the Court jurisdiction to review the Appeals Office's determination to proceed with collection action via levy after the hearing. Where the validity of the underlying tax liability is at issue in a collection review proceeding, the Court will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000). Where the underlying tax liability is not at issue, however, the Court will review the determination of the Appeals Office for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Petitioner argued at both the lien and levy hearings that he was not the sole member of Paradym and that respondent was required to comply with section 6672. Respondent concedes that petitioner had a right to challenge his liability for the tax in his first CDP hearing in response to the levy notice and concedes that we should apply a de novo standard for our review of the notice of determination upholding the levy. We agree. Further, respondent does not oppose a de novo standard for our review of the notice of determination upholding the lien. Because the

standard of review does not affect the outcome, we will review both notices of determination de novo.

Check-the-Box Regulations

Sections 301.7701-1 through 301.7701-3, Proced. & Admin. Regs. (check-the-box regulations), provide rules for the classification of business entities for Federal tax purposes. The check-the-box regulations provide rules and procedures for taxpayers to choose the tax treatment of their business entity.

A business entity, such as a limited liability company, with two or more members can be classified as either a partnership or a corporation. Upon formation an entity with two or more members is treated as a partnership unless it elects to be treated as a corporation. Sec. 301.7701-3(b)(1)(I), Proced. & Admin. Regs.

A business entity with only one member can be classified as either a corporation or a disregarded entity. A single-member entity must make an affirmative election on a Form 8832 in order to be treated as a corporation separate from its owner. If no election is made, the single-member entity is disregarded and is treated in the same manner as a sole proprietorship, branch, or division of its owner. Sec. 301.7701-3(b)(1)(ii), Proced. & Admin. Regs. Paradym did not timely file Form 8832 electing to be treated as a corporation.

The parties' dispute focuses on Paradym's ownership. Petitioner does not dispute that Paradym is liable for the taxes

at issue or contend that the taxes have been paid.  Instead, petitioner argues that Back Porch Workout owned Paradym; thus, respondent cannot collect from petitioner and must attempt to collect from Back Porch Workout.

Respondent argues that petitioner is the sole member of Paradym and that Back Porch Workout does not own any interest in Paradym.  Respondent contends that because Paradym never filed an election to be treated as a corporation and is therefore disregarded, it is proper for respondent to collect the unpaid tax directly from petitioner.  Respondent points to Paradym's articles of organization and various State regulatory filings in which petitioner referred to himself as the organizer or managing member of Paradym.

Petitioner does not challenge the validity of the check-the-box regulations.  In any event, this Court has previously held those regulations to be valid in this context.  See Med. Practice Solutions, LLC v. Commissioner, 132 T.C. ___ (2009); cf. Pierre v. Commissioner, 133 T.C. ___, ___ n.11 (2009) (slip op. at 15-16) (refusing to apply check-the-box regulations to disregard an LLC for estate and gift tax purposes).  The check-the-box regulations, as applied in this context, have also been upheld by the Court of Appeals for the Sixth Circuit, the venue for appeal in this case.  See Littriello v. United States, 484 F.3d 372, 378 (6th Cir. 2007).  For employment taxes related to wages paid on

or after January 1, 2009, a disregarded entity is treated as a corporation for purposes of employment tax reporting and liability.  Sec. 301.7701-2(c)(2)(iv), (e)(5), Proced. & Admin. Regs.; see Med. Practice Solutions, LLC v. Commissioner, supra at ___ (slip op. at 7).  This amendment does not apply to the instant case.

We agree with respondent that petitioner was the sole member of Paradym.  Because Paradym did not elect to be treated as a corporation, it is treated as a sole proprietorship.  See sec. 301.7701-2(a), Proced. & Admin. Regs.

Petitioner's argument that Back Porch Workout owned Paradym is not credible.  Petitioner formed Paradym, and he has not offered any evidence to indicate that he transferred any of his membership units in Paradym since it was formed.  Since its inception, petitioner has held himself out as owner of Paradym.

Although petitioner offered a Form 1065, U.S. Return of Partnership Income, for Paradym for tax year 2005, that document is not credible.  Attached to the Form 1065 were two Schedules K-1, Partner's Share of Income, Deductions, Credits, etc.  The first Schedule K-1 was issued to Back Porch Workout and indicated that Back Porch Workout owned a 100-percent ownership interest in Paradym.  The second Schedule K-1 was issued to "Anyone" with an address listed as "None" in Kalamazoo, Michigan.  The purported Schedule K-1 showed a zero-percent ownership interest in Paradym.

Not only was the Form 1065 created in 2007 after respondent had begun collection proceedings, but petitioner testified that the second Schedule K-1 was fabricated because it was the only way to process a partnership return for Paradym using petitioner's and Mr. Idahosa's tax return preparation software.

Petitioner formed Paradym in 2004 and never elected to have it treated as a corporation for Federal tax purposes. Accordingly, Paradym is disregarded pursuant to section 301.7701-3(b)(1)(ii), Proced. & Admin. Regs. Respondent is authorized to collect Paradym's unpaid tax from petitioner by means of the lien and levy.

To reflect the foregoing,

<u>Appropriate orders and decisions will be entered</u>.