133 T.C. No. 2


UNITED STATES TAX COURT


SUZANNE J. PIERRE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 753-07.                    Filed August 24, 2009.


        P transferred cash and publicly traded securities
to LLC, a New York limited liability company, in
exchange for a 100-percent interest in LLC.  P
subsequently made four transfers of her interest in LLC
to trusts established for the benefit of her son and
granddaughter:  P transferred as a gift a 9.5-percent
interest in LLC to each trust and then sold a 40.5-
percent interest in LLC to each trust in exchange for a
promissory note.  In valuing the transfers for Federal
gift tax purposes, P applied substantial discounts for
lack of marketability and control and therefore paid no
gift tax on the transfers.

        R argues, inter alia, that the transfers should be
treated as transfers of the underlying assets of LLC
because a single-member limited liability company is a
disregarded entity under the "check-the-box"
regulations of secs. 301.7701-1 through 301.7701-3,
Proced. & Admin. Regs.

> > **Held**: For purpose of application of the Federal gift tax, the transfers are to be valued as transfers of interests in LLC, and LLC is not disregarded under the "check-the-box" regulations to treat the transfers as transfers of a proportionate share of assets owned by LLC.

**Kathryn Keneally** and **Meryl G. Finkelstein**, for petitioner.

**Lydia A. Branche**, for respondent.

WELLS, **Judge**:[1]  Respondent determined deficiencies of $1,130,216.11 and $24,969.19 in petitioner's Federal gift tax and generation-skipping transfer tax for 2000 and 2001, respectively. The issue to be decided is whether certain transfers of interests in a single-member limited liability company (LLC) that is treated as a disregarded entity pursuant to sections 301.7701-1 through 301.7701-3, Proced. & Admin. Regs.,[2] known colloquially and hereinafter referred to as the check-the-box regulations, are valued as transfers of proportionate shares of the underlying assets owned by the LLC or are instead valued as transfers of

---

[1]The Chief Judge reassigned this case for Opinion and decision to Judge Thomas B. Wells from Judge Diane L. Kroupa, who presided over the trial. Judge Kroupa does not disagree with our fact findings as they relate to the legal issue addressed in this Opinion.

[2]The check-the-box regulations refer to an entity with a "single owner". The New York statute that created the LLC in issue refers to owners of LLCs as "members". See N.Y. Ltd. Liab. Co. Law art. VI (McKinney 2007). For purposes of this Opinion, no difference in meaning is intended by the use of the terms "owner" and "member".

interests in the LLC, and, therefore, subject to valuation discounts for lack of marketability and control.[3]

### FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated by the parties. The facts stipulated by the parties are incorporated in this Opinion and are so found. Petitioner resided in New York at the time she filed the petition.

Petitioner received a $10 million cash gift from a wealthy friend in 2000. Petitioner wanted to provide for her son Jacques Despretz (Mr. Despretz) and her granddaughter Kati Despretz (Ms. Despretz) but was concerned about keeping her family's wealth intact. Richard Mesirow (Mr. Mesirow) helped petitioner develop a plan to achieve her goals.

On July 13, 2000, petitioner organized the single-member Pierre Family, LLC (Pierre LLC). Petitioner respected the formalities of formation in the State of New York, and Pierre LLC was validly formed under New York law. Petitioner did not elect to treat Pierre LLC as a corporation for Federal tax purposes by filing a Form 8832, Entity Classification Election, and therefore filed no corporate return for Pierre LLC.

---

[3]In this Opinion, we decide only the legal issue set forth above. The following issues were argued by the parties but will be addressed in a separate opinion: (1) Whether the step transaction doctrine applies to collapse the separate transfers to the trusts and (2) the appropriate valuation discount, if any.

On July 24, 2000, petitioner created the Jacques Despretz 2000 Trust and the Kati Despretz 2000 Trust (sometimes collectively referred to as the trusts).

On September 15, 2000, petitioner transferred $4.25 million in cash and marketable securities to Pierre LLC.

On September 27, 2000, 12 days after funding Pierre LLC, petitioner transferred her entire interest in Pierre LLC to the trusts. She first gave a 9.5-percent membership interest in Pierre LLC to each of the trusts to use a portion of her then-available credit amount and her GST exemption. She then sold each of the trusts a 40.5-percent membership interest in exchange for a secured promissory note. The notes each had a face amount of $1,092,133. Petitioner set this amount using the appraisal by James F. Shuey of James F. Shuey & Associates that valued a 1-percent nonmanaging interest in Pierre LLC at $26,965. Mr. Shuey determined the value of a 1-percent interest by applying a 30-percent discount to the value of Pierre LLC's underlying assets. However, petitioner admits that because of an error in valuing the underlying assets, a discount of 36.55 percent was used in valuing the LLC interest for gift tax purposes.

Petitioner filed a Form 709, United States Gift (and Generation-Skipping Transfer) Tax Return, for 2000 and reported the gift to each trust of a 9.5-percent Pierre LLC interest. She reported the value of the taxable gift to each trust as $256,168

(determined by multiplying a 9.5-percent interest times the $26,965 appraised value of a 1-percent nonmanaging interest in Pierre LLC).

Respondent examined petitioner's gift tax return and issued a deficiency notice for 2000 and 2001. Respondent determined that petitioner's gift transfers of the 9.5-percent Pierre LLC interests to the trusts are properly treated as gifts of proportionate shares of Pierre LLC assets valued at $403,750 each, not as transfers of interests in Pierre LLC. Respondent further determined that petitioner made gifts to the trusts of the 40.5-percent interests in Pierre LLC to the extent that the value of 40.5 percent of the underlying assets of Pierre LLC exceeded the value of the promissory notes from the trusts. Respondent valued each of these transfers at $629,117 after taking into account the value of the promissory notes.

OPINION

I.   The Parties' Contentions

The parties do not dispute that Pierre LLC was a validly formed LLC pursuant to New York State law, which recognized Pierre LLC as an entity separate from petitioner under New York State law.[4] They also agree that, at the time of the transfers,

_____

[4]Although respondent argues that the step transaction doctrine should apply to the gift and sale transfers in issue, respondent explicitly limits the proposed application of the step transaction doctrine to the events of Sept. 27, 2000, and thus
                                                (continued...)

Pierre LLC is to be disregarded as an entity separate from its owner "for federal tax purposes" under the check-the-box regulations.  The parties disagree, however, about whether the check-the-box regulations require that Pierre LLC be disregarded for Federal gift tax valuation purposes.

Respondent argues that, because Pierre LLC is a single-member LLC that is treated as a disregarded entity under the check-the-box regulations, petitioner's transfers of interests in Pierre LLC should be "treated" as transfers of cash and marketable securities, i.e., proportionate shares of Pierre LLC's assets, rather than as transfers of interests in Pierre LLC, for purposes of valuing the transfers to determine Federal gift tax liability.  Accordingly, respondent contends that petitioner made gifts equal to the total value of the assets of Pierre LLC less the value of the promissory notes she received from the trusts.[5]

Petitioner argues that, for Federal gift tax valuation purposes, State law, not Federal tax law, determines the nature of a taxpayer's interest in property transferred and the legal rights inherent in that property interest.  Accordingly,

---

[4](...continued)
does not advocate applying the step transaction doctrine to disregard Pierre LLC.  As noted above, the step transaction issues will be addressed in a separate opinion.

[5]Respondent argues that the four transfers in issue should be collapsed into one transfer pursuant to the step transaction doctrine.  As noted above, this issue will be addressed in a separate opinion.

petitioner contends that we must look to State law to determine what property interest was transferred and then value the property interest actually transferred to apply the Federal gift tax provisions to that value to ascertain gift tax liability. Petitioner argues that, under New York State law, a membership interest in an LLC is personal property, and a member has no interest in specific property of the LLC.  N.Y. Ltd. Liab. Co. Law sec. 601 (McKinney 2007).  Accordingly, petitioner argues that she properly valued the transferred interests in Pierre LLC for purposes of valuing her transfers to the trusts and that she properly applied lack of control and lack of marketability discounts in valuing[6] the transferred LLC interests.

Petitioner also contends that respondent bears the burden of proof on all fact issues because she has met the requirements of section 7491.[7]  As the only issue decided in this Opinion is decided as a matter of law, we need not decide in this Opinion which party bears the burden of proof.[8]

---

[6]As noted above, issues of valuation will be addressed in a separate opinion.

[7]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

[8]The issues regarding which party bears the burden of proof will be addressed, if necessary, in a separate opinion.

II.  The Historical Gift Tax Valuation Regime

We begin with a brief summary of the longstanding statutes, regulations, and caselaw that constitute the Federal gift tax valuation regime.  Section 2501(a) imposes a tax on the transfer of property by gift.  The amount of a gift of property is the value of the property at the date of the gift.  Sec. 2512(a).  It is the value of the property passing from the donor that determines the amount of the gift.  Sec. 25.2511-2(a), Gift Tax Regs.  "The value of the property is the price at which such property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell, and both having reasonable knowledge of the relevant facts."  Sec. 25.2512-1, Gift Tax Regs.  Where property is transferred for less than adequate and full consideration in money or money's worth, the amount of the gift is the amount by which the value of the property transferred exceeds the value of the consideration received.  Sec. 2512(b).

In addition to the statutes and regulations, there is significant Supreme Court precedent interpreting them and guiding the implementation of the Federal gift and estate tax.[9]  The Supreme Court, in Bromley v. McCaughn, 280 U.S. 124 (1929), held

---

[9]The Federal estate tax is interpreted in pari materia with the Federal gift tax.  See Estate of Sanford v. Commissioner, 308 U.S. 39, 44 (1939) (citing Burnet v. Guggenheim, 288 U.S. 280, 286 (1933)).

that the imposition of a gift tax is within the constitutional authority of Congress.  The holding in Bromley turned on a finding that the gift tax is an excise tax rather than a direct tax.  As the Supreme Court stated in Bromley v. McCaughn, supra at 135-136:

> The general power to "lay and collect taxes, duties, imposts, and excises" conferred by Article I, § 8 of the Constitution, and required by that section to be uniform throughout the United States, is limited by § 2 of the same article, which requires "direct" taxes to be apportioned, and section 9, which provides that "no capitation or other direct tax shall be laid unless in proportion to the census" directed by the Constitution to be taken. * * *
>
> * * * a tax imposed upon a particular use of property or the exercise of a single power over property incidental to ownership, is an excise which need not be apportioned * * *
>
> * * * [The gift tax] is a tax laid only upon the exercise of a single one of those powers incident to ownership, the power to give the property owned to another. * * *

The Supreme Court has also provided guidance as to the appropriate roles of Federal and State law in the valuation of transfers.  A fundamental premise of transfer taxation is that State law creates property rights and interests, and Federal tax law then defines the tax treatment of those property rights.  See Morgan v. Commissioner, 309 U.S. 78 (1940).  It is well established that the Internal Revenue Code creates "'no property rights but merely attaches consequences, federally defined, to rights created under state law.'"  United States v. Nat. Bank of

<u>Commerce</u>, 472 U.S. 713, 722 (1985) (quoting <u>United States v.</u>

<u>Bess</u>, 357 U.S. 51, 55 (1958)).  In <u>Morgan v. Commissioner</u>, <u>supra</u>

at 80-81, the Supreme Court stated:

> State law creates legal interests and rights.
> The federal revenue acts designate what interests or
> rights, so created, shall be taxed.  Our duty is to
> ascertain the meaning of the words used to specify the
> thing taxed.  If it is found in a given case that an
> interest or right created by local law was the object
> intended to be taxed, the federal law must prevail no
> matter what name is given to the interest or right by
> state law.

In <u>Morgan</u>, the Court disregarded the State law

classification of a power of appointment as "special" where the

rights associated with that power of appointment under State law

(i.e., the power to appoint to anyone, including the holder's

estate and creditors) were properly classified under Federal law

as a general power of appointment.  As is standard in Federal

estate and gift tax cases, the interest was created by State law,

respected by the Court, and taxed pursuant to the Federal estate

and gift tax provisions.  In short, the Court ignored the label,

not the interest created, and determined whether the interest

fell within the Federal statute.  This Court, in <u>Knight v.</u>

<u>Commissioner</u>, 115 T.C. 506 (2000), followed the Supreme Court

precedent discussed above.  As we said in <u>Knight v. Commissioner</u>,

<u>supra</u> at 513 (citing <u>United States v. Nat. Bank of Commerce</u>,

<u>supra</u> at 722, <u>United States v. Rodgers</u>, 461 U.S. 677, 683 (1983),

and <u>Aquilino v. United States</u>, 363 U.S. 509, 513 (1960)):  "State

law determines the nature of property rights, and Federal law determines the appropriate tax treatment of those rights."

Pursuant to New York law petitioner did not have a property interest in the underlying assets of Pierre LLC, which is recognized under New York law as an entity separate and apart from its members.  N.Y. Ltd. Liab. Co. Law sec. 601. Accordingly, there was no State law "legal interest or right" in those assets for Federal law to designate as taxable, and Federal law could not create a property right in those assets. Consequently, pursuant to the historical Federal gift tax valuation regime, petitioner's gift tax liability is determined by the value of the transferred interests in Pierre LLC, not by a hypothetical transfer of the underlying assets of Pierre LLC.

III. The Check-the-Box Regulations and Single-Member LLCs

We next turn to the question of whether the check-the-box regulations alter the historical Federal gift tax valuation regime discussed above.  Pursuant to the Internal Revenue Code, the income of a C corporation is subject to double taxation (once at the corporate level and once at the shareholder level) while the income of partnerships and sole proprietorships is taxed only once (at the individual taxpayer level).  See Littriello v. United States, 484 F.3d 372, 375 (6th Cir. 2007).  An LLC is a relatively new business structure, created by State law, that has some features of a corporation (i.e., limited personal liability)

and some features of a partnership (i.e., management flexibility and pass-through taxation).  McNamee v. Dept. of the Treasury, 488 F.3d 100, 107 (2d Cir. 2007).  Section 7701, underpinning the check-the-box regulations, defines entities for purposes of the Internal Revenue Code "where not otherwise distinctly expressed or manifestly incompatible with the intent thereof".  Section 7701 does not make it clear whether an LLC falls within the definition of a partnership, a corporation, or a disregarded entity taxed as a sole proprietorship.

Before the promulgation of the check-the-box regulations, the proliferation of revenue rulings, revenue procedures, and letter rulings relating to the classification of LLCs and partnerships for Federal tax purposes made the existing regulations "unnecessarily cumbersome to administer".  Dover Corp. & Subs. v. Commissioner, 122 T.C. 324, 330 (2004).  Those existing regulations, known as the "Kintner Regulations", had been in place since 1960.[10]  In McNamee v. Dept. of the Treasury,

---

[10]In Richlands Med. Association v. Commissioner, T.C. Memo. 1990-660, affd. without published opinion 953 F.2d 639 (4th Cir. 1992), we summarized the "Kintner Regulations" as follows:

> The Kintner Regulations * * * set forth six characteristics ordinarily found in a corporation which distinguish it from other organizations.  Those characteristics are (1) associates, (2) an objective to carry on business and divide the gains therefrom, (3) continuity of life, (4) centralization of management, (5) limited liability, and (6) free transferability of interests.  The regulations go on to note that, in some
>
> (continued...)

supra at 108-109, the Court of Appeals for the Second Circuit, the court that would be the venue for any appeal of the instant case absent stipulation to the contrary, stated:

> The Kintner regulations had been adequate during the first several decades after their adoption. But, as explained in the 1996 proposal for their amendment, the Kintner regulations were complicated to apply, especially in light of the fact that
>
>> many states ha[d] revised their statutes to provide that partnerships and other unincorporated organizations may possess characteristics that traditionally have been associated with corporations, thereby narrowing considerably the traditional distinctions between corporations and partnerships under local law.
>
> Simplification of Entity Classification Rules, 61 Fed. Reg. 21989, 21989-90 (proposed May 13, 1996). * * *

To simplify the classification of hybrid entities, such as LLCs, the check-the-box regulations were promulgated. Section 301.7701-1(a)(1), Proced. & Admin. Regs., provides:

---

[10](...continued)
cases, other factors may be found which may be significant in classifying an organization.

* * * Although the regulations cite the Supreme Court decision in Morrissey v. Commissioner, 296 U.S. 344 (1935), for the proposition that corporate status will exist if an organization "more nearly resembles" a corporation than a partnership or trust, the regulations adopt a mechanical test for determination of corporate status. Under that test, each of the four characteristics "apparently bears equal weight in the final balancing," Larson v. Commissioner, * * * [66 T.C.] at 172, and an entity will not be taxed as a corporation unless it possesses more corporate than noncorporate characteristics. Section 301.7701-2(a)(3), Proced. and Admin. Regs.; Larson v. Commissioner, supra at 185. * * *

Classification of organizations for federal tax purposes.--(a) * * * --(1) * * * The Internal Revenue Code prescribes the classification of various organizations for federal tax purposes. Whether an organization is an entity separate from its owners for federal tax purposes is a matter of federal tax law and does not depend on whether the organization is recognized as an entity under local law. [Emphasis added].

Section 301.7701-3(a) and (b), Proced. & Admin. Regs., provides:

Classification of certain business entities.--(a) * * * A business entity * * * can elect its classification for federal tax purposes as provided in this section. An eligible entity * * * with a single owner can elect to be classified as an association or to be disregarded as an entity separate from its owner. Paragraph (b) of this section provides a default classification for an eligible entity that does not make an election. * * *

    (b) Classification of eligible entities that do not file an election.--(1) * * * Except as provided in paragraph (b)(3) of this section, unless the entity elects otherwise, a domestic eligible entity is--

   *       *       *       *       *       *       *

    (ii) Disregarded as an entity separate from its owner if it has a single owner.

[Emphasis added.]

Accordingly, the default classification for an entity with a single owner is that the entity is disregarded as an entity separate from its owner. Sec. 301.7701-3(b)(1)(ii), Proced. & Admin. Regs. There is no question that the phrase "for federal tax purposes" was intended to cover the classification of an entity for Federal tax purposes, as the check-the-box regulations were designed to avoid many difficult problems largely associated with the classification of an entity as either a partnership or a

corporation; i.e., whether it should be taxed as a pass-through entity or as a separately taxed entity. Simplification of Entity Classification Rules, 61 Fed. Reg. 21989-21990 (May 13, 1996). The question before us now is whether the check-the-box regulations require us to disregard a single-member LLC, validly formed under State law, in deciding how to value and tax a donor's transfer of an ownership interest in the LLC under the Federal gift tax regime described above.

IV. <u>Whether the Check-the-Box Regulations Alter the Historical Federal Gift Tax Valuation Regime</u>

Respondent points to a number of cases as support for the proposition that, pursuant to the check-the-box regulations, valid State law restrictions must be ignored for the purpose of determining the interest being transferred under the Federal estate and gift tax regime. Respondent cites <u>McNamee v. Dept. of the Treasury</u>, 488 F.3d 100 (2d Cir. 2007), a case decided by the Court of Appeals for the Second Circuit. However, respondent's reliance on <u>McNamee</u> is misplaced. In <u>McNamee</u>, the Court of Appeals held that State law cannot abrogate the Federal tax obligations of the owner of a disregarded entity under the check-the-box regulations. <u>Id.</u> at 111 (citing <u>Littriello v. United States</u>, 484 F.3d at 379). In issue in <u>McNamee</u> was the requirement to pay withholding taxes for a single-member LLC's employees. The Court of Appeals held that the owner of the single-member LLC there in issue was liable for the disregarded

entity's taxes; it did <u>not</u> hold that an entity is to be disregarded in deciding what property interests are transferred under State law for Federal gift tax valuation purposes when an owner of an entity disregarded under the check-the-box regulations transfers an interest in that entity.[11]

Similarly, respondent's reliance on <u>Shepherd v. Commissioner</u>, 115 T.C. 376 (2000), affd. 283 F.3d 1258 (11th Cir. 2002), and <u>Senda v. Commissioner</u>, 433 F.3d 1044 (8th Cir. 2006), affg. T.C. Memo. 2004-160, is not convincing, as the facts of those cases differ significantly from the facts of the instant case. In <u>Shepherd v. Commissioner</u>, <u>supra</u> at 384, we looked to applicable State law to decide what property rights were conveyed. In <u>Shepherd</u>, the property the taxpayer possessed and transferred was his interests in leased land and bank stock. <u>Id.</u> at 385. Because the creation of the taxpayer's sons' partnership interests preceded the completion of the gift to the partnership, we found that the taxpayer made indirect gifts to his sons of his

---

[11]For the same reasons, <u>Littriello v. United States</u>, 484 F.3d 372 (6th Cir. 2007), and <u>Med. Practice Solutions, LLC v. Commissioner</u>, 132 T.C. __ (Mar. 31, 2009) (an Opinion of this Court following <u>McNamee v. Dept. of the Treasury</u>, 488 F.3d 100 (2d Cir. 2007)), are not controlling for the purpose of determining what interest is being transferred under the Federal gift tax valuation regime. Both of these cases, like <u>McNamee</u>, involve the <u>classification</u> of a single-member LLC (i.e., whether it is a pass-through entity or a separately taxed entity) for purposes of liability for employment taxes. Neither case addresses the valuation of transferred interests in a single-member LLC for purposes of Federal gift tax valuation.

interests in the land and bank stock.  <u>Id.</u> at 389.  The Court of Appeals for the Eleventh Circuit, in its opinion affirming <u>Shepherd</u>, highlighted the distinction between the facts of <u>Shepherd</u> and a hypothetical set of facts (more similar to the facts under consideration in the the instant case) when it noted that

> Thus, instead of completing a gift of land to a preexisting partnership in which the sons were not partners and then establishing the partnership interests of his sons (which would result in a gift of a partnership interest), Shepherd created a partnership in which his sons held established shares and then gave the partnership a taxable gift of land (making it an indirect gift of land to his sons).

<u>Shepherd v. Commissioner</u>, 283 F.3d at 1261 (fn. ref. omitted).

In the instant case, petitioner completed a gift of cash and securities to Pierre LLC at a time when the trusts were not members of Pierre LLC and then later transferred interests in Pierre LLC to the trusts, which established the interests of the trusts in Pierre LLC.[12]  Accordingly, <u>Shepherd</u> is consistent with the requirement that State law determines the interest being

---

[12]Petitioner contributed the stock and securities to Pierre LLC approximately 12 days before she transferred the Pierre LLC interests to the trusts.  In <u>Holman v. Commissioner</u>, 130 T.C. 170 (2008), we found that the indirect gift analysis of <u>Shepherd v. Commissioner</u>, 115 T.C. 376 (2000), affd. 283 F.3d 1258 (11th Cir. 2002), and <u>Senda v. Commissioner</u>, T.C. Memo. 2004-160, affd. by 433 F.3d 1044 (8th Cir. 2006), did not apply where assets were transferred to a partnership 5 days before the gifts of the partnership interests.

transferred. In the instant case, as discussed above, pursuant to New York law, petitioner transferred interests in Pierre LLC.

Senda v. Commissioner, supra, is also distinguishable. In Senda, the taxpayers were unable to establish whether they had transferred partnership interests to their children before or after they contributed stock to the partnership. Citing Shepherd v. Commissioner, supra, the Court of Appeals for the Eighth Circuit noted that the sequence was critical "because a contribution of stock after the transfer of partnership interests is an indirect gift". Senda v. Commissioner, supra at 1046.

Both Shepherd and Senda stand for the proposition that a transfer of property to a partnership for less than full and adequate consideration may represent an indirect gift to the other partners. In the instant case, petitioner contributed the cash and securities to Pierre LLC before transfers to the trusts were made and the trusts became members of Pierre LLC. Consequently, Shepherd and Senda are not controlling.

Petitioner relies heavily on Estate of Mirowski v. Commissioner, T.C. Memo. 2008-74. We do not find Estate of Mirowski to be controlling because the Commissioner did not rely on the check-the-box regulations with respect to the transfer of the LLC interests there in issue. However, we do note that in Estate of Mirowski we refused to adopt an interpretation that "reads out of section 2036(a) in the case of any single-member

LLC the exception for a bona fide sale * * * that Congress expressly prescribed when it enacted that statute."  If respondent's interpretation were to prevail in the instant case, such an interpretation could create a similar result.[13]

The multistep process of determining the nature and amount of a gift and the resulting gift tax under the Federal gift tax provisions described above, i.e., (1) the determination under State law of the property interest that the donor transferred, (2) the determination of the fair market value of the transferred property interest and the amount of the transfer to be taxed, and (3) the calculation of the Federal gift tax due on the transfer, is longstanding and well established.  Neither the check-the-box regulations nor the cases cited by respondent support or compel a conclusion that the existence of an entity validly formed under applicable State law must be ignored in determining how the transfer of a property interest in that entity is taxed under Federal gift tax provisions.

While we accept that the check-the-box regulations govern how a single-member LLC will be taxed for Federal tax purposes, i.e., as an association taxed as a corporation or as a disregarded entity, we do not agree that the check-the-box

---

[13]As noted above, see supra note 9, the Federal estate tax must be interpreted in pari materia with the Federal gift tax.

regulations apply to disregard the LLC in determining how a <u>donor</u> must be taxed under the Federal gift tax provisions on a transfer of an ownership interest in the LLC. If the check-the-box regulations are interpreted and applied as respondent contends, they go far beyond <u>classifying</u> the LLC for tax purposes. The regulations would require that Federal law, not State law, apply to define the property rights and interests transferred by a donor for valuation purposes under the Federal gift tax regime. We do not accept that the check-the-box regulations apply to define the property interest that is transferred for such purposes. The question before us (i.e., how a transfer of an ownership interest in a validly formed LLC should be valued under the Federal gift tax provisions) is not the question addressed by the check-the-box regulations (i.e., whether an LLC should be taxed as a separate entity or disregarded so that the tax on its operations is borne by its owner). To conclude that because an entity elected the <u>classification</u> rules set forth in the check-the-box regulations, the long-established Federal gift tax valuation regime is overturned as to single-member LLCs would be "manifestly incompatible" with the Federal estate and gift tax statutes as interpreted by the Supreme Court. See sec. 7701.

We note that Congress has enacted provisions of the Internal Revenue Code, see secs. 2701, 2703, that disregard valid State

law restrictions in valuing transfers.  Where Congress has determined that the "willing buyer, willing seller" and other valuation rules are inadequate, it expressly has provided exceptions to address valuation abuses.  See chapter 14 of the Internal Revenue Code, sections 2701 through 2704, which specifically are designed to override the standard "willing buyer, willing seller" assumptions in certain transactions involving family members.

By contrast, Congress has not acted to eliminate entity-related discounts in the case of LLCs or other entities generally or in the case of a single-member LLC specifically.  In the absence of such explicit congressional action and in the light of the prohibition in section 7701, the Commissioner cannot by regulation overrule the historical Federal gift tax valuation regime contained in the Internal Revenue Code and substantial and well-established precedent in the Supreme Court, the Courts of Appeals, and this Court, and we reject respondent's position in the instant case advocating an interpretation that would do so. Accordingly, we hold that petitioner's transfers to the trusts should be valued for Federal gift tax purposes as transfers of interests in Pierre LLC and not as transfers of a proportionate share of the underlying assets of Pierre LLC.

To reflect the foregoing,

                                    <u>An appropriate order will</u>

                          <u>be issued</u>.


        Reviewed by the Court.

        COHEN, FOLEY, VASQUEZ, THORNTON, MARVEL, GOEKE, WHERRY,
GUSTAFSON, and MORRISON, <u>JJ</u>., agree with this majority opinion.

COHEN, Judge, concurring:  As the author of the Opinion for the Court in Med. Practice Solutions, LLC v. Commissioner, 132 T.C. __ (2009), I write to explain why my agreement with the majority opinion here is consistent with the conclusion in that case, which followed McNamee v. Dept. of the Treasury, 488 F.3d 100 (2d Cir. 2007).  Briefly, I agree with the majority that McNamee and Med. Practice Solutions, LLC are classification cases that appropriately applied the check-the-box regulations of section 301.7701-3(b)(1)(ii), Proced. & Admin. Regs., in deciding whether the single owner/member of an LLC or the LLC was liable for employment taxes on the wages of the employees of the business in question.  In contrast, this case involves the issue of the valuation for transfer tax purposes of certain interests in a single-owner LLC that that owner transferred.  See majority op. p. 15.  (McNamee and Med. Practice Solutions, LLC, along with Littriello v. United States, 484 F.3d 372 (6th Cir. 2007), and others cited in Med. Practice Solutions, LLC, will be referred to as the employment tax cases).

The check-the-box regulations might be applied to determine for gift tax purposes whether the owner of a single-member LLC or the LLC is the transferor of the assets used in the business or the activities for which the LLC was formed.  In that event, the determination would parallel the determination in the employment tax cases as to who is liable for the Federal tax in dispute and

would consider whether the LLC should be "disregarded" under those regulations. The only transfer at issue here, however, is the transfer by the owner of the LLC of certain interests that she held in that LLC.

Transfer tax disputes, including this one, more frequently involve differences over the fair market value of property, and fair market value is determined by applying the "willing buyer, willing seller" standard to the property transferred. See majority op. pp. 8-11. Where the property transferred is an interest in a single-member LLC that is validly created and recognized under State law, the willing buyer cannot be expected to disregard that LLC. See, e.g., Knight v. Commissioner, 115 T.C. 506, 514 (2000) ("We do not disregard * * * [a] partnership because we have no reason to conclude from this record that a hypothetical buyer or seller would disregard it.").

Of course, Congress has the ability to, and on occasion has opted to, modify the willing buyer, willing seller standard. See, e.g., secs. 2032A, 2701, 2702, 2703, 2704; Holman v. Commissioner, 130 T.C. 170, 191 (2008) (applying section 2703 to disregard restrictions in a partnership agreement). In Kerr v. Commissioner, 113 T.C. 449, 470-474 (1999), affd. 292 F.3d 490 (5th Cir. 2002), we explained that the special valuation rules were a targeted substitute for the complexity, breadth, and vagueness of prior section 2036(c). We reaffirmed the willing

buyer, willing seller standard, <u>Kerr v. Commissioner</u>, <u>supra</u> at 469, and concluded that the special provision in section 2704(b) did not apply to disregard the partnership restrictions in issue, <u>id.</u> at 473; see also <u>Estate of Strangi v. Commissioner</u>, 115 T.C. 478, 487-489 (2000), affd. on this issue, revd. and remanded on other grounds 293 F.3d 279 (5th Cir. 2002).

The majority opinion, majority op. pp. 13-15, discusses the adoption of the check-the-box regulations as a targeted substitute for the complexity of the Kintner regulations in classifying hybrid entities and thereby determining the tax consequences to those entities and their owners of the business or the activities for which those entities were formed. A targeted solution to a particular problem should not be distorted to achieve a comprehensive overhaul of a well-established body of law.

If the regulations expressly provided that single-owner LLCs would be disregarded in determining the identity of the property transferred and the value of that transferred property, we could debate the validity of the regulations and the degree of deference to be given to various expressions of an agency's position. Here we are dealing only with respondent's litigating position. The majority does not question the validity of the check-the-box regulations. The majority holds only that those regulations do not control the valuation issue in this case. See majority op. pp. 19-20.

The argument that the majority opinion disregards the plain meaning of the phrase "for federal tax purposes" in section 301.7701-3(a), Proced. & Admin. Regs., is unpersuasive.  The plain meaning of the text of a regulation is the starting point for determining the meaning of that regulation.  See Walker Stone Co. v. Secy. of Labor, 156 F.3d 1076, 1080 (10th Cir. 1998) ("When the meaning of a regulatory provision is clear on its face, the regulation must be enforced in accordance with its plain meaning.").  We see here, however, (1) ambiguity in the specific phrase "federal tax purposes" and (2) ambiguity in the term "disregarded", both of which make plain meaning elusive.

First, the regulation does not provide that an entity will be disregarded "for all Federal tax purposes".  Instead, the regulation implements a statute that, by its terms, applies except where "manifestly incompatible with the intent" of the Internal Revenue Code.  Sec. 7701(a).  The language of the regulation requires a determination of which "federal tax purposes" are implicated and whether a given purpose might be manifestly incompatible with the Internal Revenue Code.

Second, the regulation states that an entity will be "disregarded as an entity separate from its owner".  Sec. 301.7701-3(a) and (b)(1)(ii), Proced. & Admin. Regs. (emphasis added).  That sentence might mean that a disregarded entity is exempt from tax, that its transactions are disregarded and

therefore not reported for tax purposes, or that transfers of interests in the entity are disregarded for Federal gift tax purposes and not taxed.  While none of those meanings is likely, the ambiguity is inherent.  Of course, the regulation must be interpreted in the light of the other principles of the Internal Revenue Code.  Those other principles include the valuation principles discussed in the majority opinion.  Respondent's proposed application of the regulation is manifestly incompatible with those principles.

The majority's approach is consistent with the principle that a regulation will be interpreted to avoid conflict with a statute. See LaVallee Northside Civic Association v. V.I. Coastal Zone Mgmt. Commn., 866 F.2d 616, 623 (3d Cir. 1989); see also Smith v. Brown, 35 F.3d 1516, 1526 (Fed. Cir. 1994); Phillips Petroleum Co. v. Commissioner, 97 T.C. 30, 35 (1991), affd. without published opinion 70 F.3d 1282 (10th Cir. 1995).  It is also consistent with the express limitation of section 7701(a) on the scope of regulations that define terms.  See majority op. p. 21.  The majority's interpretation of the scope of the check-the-box regulations harmonizes the classification purpose of those regulations with the statutory rules and case precedents that firmly establish the meaning of fair market value in transfer tax cases and the willing buyer, willing seller standard as the hallmark of that meaning.

Some final words about deference. As the majority opinion indicates, majority op. p. 12, section 7701(a) precludes the application of the definitions of the terms in that section where they are "manifestly incompatible with the intent" of the Internal Revenue Code. This case does not involve the question in <u>Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984), of deference to the Commissioner's interpretation of a statute that the Commissioner is charged with administering. Nothing in the check-the-box regulations or in the cases cited by respondent persuades us that those regulations require us to disregard a single-owner LLC where, as is the case here, to do so would be "manifestly incompatible" with the intent of other provisions of the Internal Revenue Code.

Judge Halpern in his dissenting opinion does not address the majority's conclusion that respondent's interpretation of the regulation is manifestly incompatible with other provisions of the Code. He asserts that "respondent's position in this case * * * is consistent with the Commissioner's administrative position for at least 10 years". Dissenting op. p. 35. He cites Rev. Rul. 99-5, 1999-1 C.B. 434, which describes the Federal income tax consequences of a transfer under sections 721-723, 1001(a), and 1223. The ruling and the sections cited do not deal with transfer taxes generally or gift tax specifically. Moreover, the Internal Revenue Service has reversed itself with respect to application of

the check-the-box regulations in employment tax situations and has adopted new rules as of January 1, 2009. See McNamee v. Dept. of the Treasury, 488 F.3d at 109; Littriello v. United States, 484 F.3d 372 (6th Cir. 2007); Med. Practice Solutions, LLC v. Commissioner, 132 T.C. at __ (slip op. at 7).

We have never accorded deference to the Commissioner's litigating position, as contrasted to (1) contemporaneous expressions of intent when the regulations were adopted and (2) consistent administrative interpretations before the litigation. See Gen. Dynamics Corp. & Subs. v. Commissioner, 108 T.C. 107, 120-121 (1997). Respondent does not argue here that respondent's interpretation of the regulation is entitled to deference. Neither the cases--Oteze Fowlkes v. Adamec, 432 F.3d 90, 97 (2d Cir. 2005), United States v. Miller, 303 F.2d 703, 707 (9th Cir. 1962), and Lantz v. Commissioner, 132 T.C. ___, ___ n.10 (2009) (slip op. at 23-24)--nor the so-called hornbook law on which Judge Halpern relies in his dissenting opinion requires us to give deference to respondent's litigating position that the check-the-box regulations apply in this case. We have no reason to believe that respondent's litigating position here is an interpretation of those regulations that reflects "the * * * fair and considered judgment [of the Secretary of the Treasury] on the matter in question." Auer v. Robbins, 519 U.S. 452, 462 (1997) (where the Supreme Court of the United States ordered the Secretary of Labor

to file an amicus brief in a case between private litigants involving the interpretation of a regulation that the Secretary had promulgated, the Supreme Court accepted the Secretary's interpretation since in the circumstances of the case "There is simply no reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question.").  Moreover, Judge Halpern's reliance on a footnote in Lantz v. Commissioner, supra, is misplaced.  We there concluded that a taxpayer's pursuit of a particular type of relief would be fruitless in the face of the Commissioner's position, the validity of which had not been challenged.  Neither case cited in that footnote adopts the litigating position of the party as distinct from preexistent and consistent administrative interpretations. See Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945); Phillips Petroleum Co. v. Commissioner, 101 T.C. 78, 97 (1993), affd. without published opinion 70 F.3d 1282 (10th Cir. 1995).

WELLS, FOLEY, VASQUEZ, THORNTON, MARVEL, GOEKE, WHERRY, and GUSTAFSON, JJ., agree with this concurring opinion.

HALPERN, <u>J</u>., dissenting:

I.  <u>Introduction</u>

     We here face a task common in courts reviewing the actions of an administrative agency; i.e., we must construe an agency's statute and regulations and consider the agency's interpretation of those authorities.  I agree with neither the approach the majority takes nor the conclusion it reaches.  I agree with much of what Judge Kroupa writes but wish to emphasize how my approach differs from that of the majority.

II.  <u>The Language of the Regulation</u>

     That regulations, like statutes, are interpreted pursuant to canons of construction is a basic principle of regulatory interpretation.  E.g., <u>Black & Decker Corp. v. Commissioner</u>, 986 F.2d 60, 65 (4th Cir. 1993), affg. T.C. Memo. 1991-557.  In every case involving questions of statutory or regulatory interpretation, the starting point is the language itself.  E.g., <u>Bd. of Educ. v. Harris</u>, 622 F.2d 599, 608 (2d Cir. 1979) (quoting <u>Greyhound Corp. v. Mt. Hood Stages, Inc.</u>, 437 U.S. 322, 330 (1978)).  The regulations we here construe are sections 301.7701-1 through -3, Proced. & Admin. Regs. (the so-called check-the-box regulations).  We are particularly concerned with the language in section 301.7701-2(a), Proced. & Admin. Regs., describing what happens when a business entity with only one owner is disregarded as an entity separate from that owner; viz, "its activities are

treated in the same manner as a sole proprietorship, branch, or division of the owner." Given that Pierre LLC's owner, petitioner, is an individual, Pierre LLC's activities are treated in the same manner as those of a sole proprietorship. See id. Missing from the instruction (sometimes, the activities instruction), however, is its scope. Ostensibly, section 301.7701-1(a)(1), Proced. & Admin. Regs., provides that scope, stating that the activities instruction applies for "federal tax purposes".

Section 2501(a) imposes a tax on the transfer of property by gift. The tax is an excise tax imposed on the value of the property transferred. See id.; Dickman v. Commissioner, 465 U.S. 330, 340 (1984) ("The gift tax is an excise tax on transfers of property".). Section 2512(a) provides that the amount of a gift of property is the value of the property on the date of the gift. Respondent argues that, because petitioner elected to treat Pierre LLC as a disregarded entity, petitioner is properly "treated as transferring cash and marketable securities, as opposed to Pierre LLC interests, for federal gift tax purposes." Petitioner responds: "[T]he issue is the gift tax treatment of transfers of interests in an LLC", "not the imposition of a tax due as a result of the activities of a single-member LLC." In effect, petitioner argues that the activities instruction is irrelevant to any inquiry concerning her transfers of interests in the LLC, since

that inquiry concerns her own activities and not her LLC's activities.

Petitioner's position bespeaks a distinction between a sole proprietor and her business that the activities instruction will not bear. A sole proprietorship is generally understood to have no legal identity apart from the proprietor. 18 C.J.S., Corporations, sec. 4 (2007) ("A sole proprietorship has no separate legal existence or identity apart from the sole proprietor."). Judge Richard A. Posner applied that rule of unity nicely in Smart v. Intl. Bhd. of Elec. Workers, Local 702, 315 F.3d 721, 723 (7th Cir. 2002): "Two plaintiffs are listed, but one is a sole proprietorship and the other the proprietor, so they are one, not two, in the eyes of the law * * *, and the one is the proprietor * * * not the proprietorship." I would read the activities instruction as plainly saying that Pierre LLC and petitioner constitute only one actor (i.e., petitioner) for Federal tax purposes (which, of course, encompass the Federal gift tax), so that any gift by petitioner of an interest in Pierre LLC is, as respondent argues, a gift of an interest in that LLC's cash and marketable securities.[1] Others may find the activities

---

[1] Treating the transfer of an interest in a single-member disregarded entity as a transfer of an interest in the entity's assets is in no way inconsistent with applying the "willing buyer, willing seller" standard for valuation purposes, see sec. 25.2512-1, Gift Tax Regs., as Judge Cohen suggests in her concurring opinion, p. 24. The willing buyer and willing seller
(continued...)

instruction to be ambiguous, so I will proceed as if the instruction is not clear from the plain language of the regulation.  I reject (and the majority does not contend) that the regulation plainly precludes considering the LLC's property (or at least interests therein) as the property petitioner transferred when she transferred interests in the LLC.

III.  The Intent of the Secretary

If we accept that the activities instruction is ambiguous, then we must construe that provision.  With respect to that task: "It is axiomatic that any regulation should be construed to effectuate the intent of the enacting body."  United States v. Miller, 303 F.2d 703, 707 (9th Cir. 1962).  Indeed, hornbook law holds:

> In construing an administrative rule or regulation, the court must necessarily look to the administrative construction thereof where the meaning of the words used is in doubt, and the courts will ordinarily show deference to such construction and give it controlling weight.

---

[1](...continued)
are purely hypothetical figures.  See Estate of Newhouse v. Commissioner, 94 T.C. 193, 218 (1990).  That the hypothetical willing buyer is deemed to purchase an interest in the entity's assets (to value a hypothetical gift of that interest) is not inconsistent with the fact that a real buyer (and, by extension, a donee) would receive an interest in what has become a two-member unincorporated entity; i.e., for Federal tax purposes, a partnership.  See sec. 301.7701-3(f)(2), Proced. & Admin. Regs.  Thus, respondent's position does not require the real buyer to disregard the LLC, for it is an interest in an LLC with which he winds up.

73 C.J.S., Public Administrative Law and Procedure, sec. 212
(2004) (emphasis added); accord <u>Oteze Fowlkes v. Adamec</u>, 432 F.3d
90, 97 (2d Cir. 2005) ("An agency's interpretation of its own
statute and regulation must be given controlling weight unless it
is plainly erroneous or inconsistent with the regulation."
(citations and internal quotation marks omitted)); <u>Lantz v.
Commissioner</u>, 132 T.C. __, __ n.10 (2009) (slip op. at 23-24 n.10)
(the same).

There is ample evidence that the Secretary, in the person of
the Commissioner, construes the activities instruction to require
that the wrapper be disregarded in determining the property the
owner of a single-member disregarded entity transfers when she
transfers an interest in the entity. That is, of course,
respondent's position, which, because it is consistent with the
Commissioner's administrative position for at least 10 years,
cannot be dismissed as a mere litigating position.[2]
Implementation of the check-the-box regulations has required the
Commissioner to issue numerous interpretations. Ten years ago, in
Rev. Rul. 99-5, 1999-1 C.B. 434, the Commissioner addressed the
Federal income tax consequences of the sale by <u>A</u>, the owner of a

---

[2] In <u>Lantz v. Commissioner</u>, 132 T.C. __, __ (2009) (slip op.
at 35) (Halpern, J. dissenting), I dismissed the Commissioner's
interpretation of sec. 301.9100-1(c), Proced. & Admin. Regs., as
no more than a litigating position without merit, since it was
"'plainly erroneous' and 'inconsistent with the regulation'".
That is not so here.

single-member disregarded entity (an LLC), of a 50-percent
ownership interest in the entity to B, with the result that the
disregarded entity was converted into a partnership.  The
Commissioner held that B's purchase of 50 percent of A's ownership
interest in the LLC is treated as the purchase of a 50-percent
interest in each of the LLC's assets, "which are treated as held
directly by A for federal tax purposes." Id.  Therefore, the
Commissioner continued:  "Under § 1001, A recognizes gain or loss
from the deemed sale of the 50% interest in each asset of the LLC
to B." Id.  In the intervening 10 years, the Commissioner has
issued numerous letter rulings consistent with, and relying on,
his interpretation in Rev. Rul. 99-5, supra, that a transfer by
the owner of all or a part of his interest in a single-member
disregarded entity is to be treated as the transfer by the owner
of a proportional interest in the entity's assets.[3]  Rev. Rul. 99-

---

[3] E.g., Priv. Ltr. Rul. 200825008 (Mar. 7, 2008) (limited
partnership's distribution of membership interests in LLC, a
single-member disregarded entity, "will be treated as a
distribution of LLC's assets and liabilities to the Partners");
Priv. Ltr. Rul. 200824009 (Mar. 6, 2008) (trust's distribution to
beneficiaries A and B of interests in X, a single-member
disregarded entity, "should have been treated as a non-taxable
pro rata distribution of d% of X's assets to A and e% of X's
assets to B * * * as if such assets had been distributed outright
from Trust to A and B"); Priv. Ltr. Rul. 200709036 (Nov. 28,
2006) ("Although Taxpayer transferred its interest in * * *, a
disregarded entity, the sale of such interest is treated as a
sale of the assets of the disregarded entity for federal income
tax purposes."); Priv. Ltr. Rul. 200251008 (Sept. 11, 2002) (For
purposes of sec. 1031 like-kind exchange provisions:  "[T]ransfer
of all the interest in * * * [disregarded entity] will be treated
(continued...)

5, <u>supra</u>, and the letter rulings are cited not as precedent, see

sec. 6110(k)(3), but to show the Commissioner's consistency over a

decade in disregarding the wrapper and treating the transfer of an

interest in a single-member disregarded entity as a transfer of an

interest in the disregarded entity's assets, see, e.g., <u>Hanover</u>

<u>Bank v. Commissioner</u>, 369 U.S. 672, 686 (1962) ("[Private letter]

rulings do reveal the interpretation put upon the statute by the

agency charged with the responsibility of administering the

revenue laws."). Granted, the interpretations address sales and

other dispositions for purposes of the income tax, and the

Commissioner apparently has made no interpretation particular to

section 2501(a) and the gift tax. Yet, as the Court of Appeals

for the District of Columbia Circuit recently observed in <u>Murphy</u>

<u>v. IRS</u>, 493 F.3d 170, 185 (D.C. Cir. 2007) (admittedly an income

tax case, but the court was speaking generally about gifts): "A

gift is the functional equivalent of a below-market sale". See

also sec. 25.2512-8, Gift Tax Regs. ("Transfers reached by the

gift tax * * * embrace * * * sales, exchanges, and other

dispositions of property for * * * [an inadequate]

consideration".). Simply put, the difference between a sale and a

gift is a difference in degree, not in kind.

---

[3](...continued)
as a transfer of the assets of * * * [disregarded entity].").

Given the assumed ambiguity of the activities instruction in section 301.7701-2(a), Proced. & Admin. Regs., and the deference we show to the Secretary's construction of his regulations, I accept respondent's reading of the activities instruction as a plausible construction. That is, because petitioner elected to treat Pierre LLC as a disregarded entity, petitioner is properly "treated as transferring cash and marketable securities, as opposed to Pierre LLC interests, for federal gift tax purposes." I next consider the validity of the regulation.

IV. Chevron Deference

I review the validity of the regulation because, although the majority denies that it seeks to invalidate the regulation, I believe that it does not simply reject the meaning respondent ascribes to the activities instruction but, rather, accepts that meaning and rejects the activities instruction itself as an invalid construction of the statute.[4]

---

[4] The majority at least conditionally accepts respondent's reading of the check-the-box regulations: "If the check-the-box regulations are interpreted and applied as respondent contends, they go far beyond classifying the LLC for tax purposes." Majority op. p. 20. Indeed, the majority speculates that the result of respondent's reading would be to "[overturn] the long-established Federal gift tax valuation regime * * * as to single-member LLCs". Majority op. p. 20. That, the majority concludes, "would be 'manifestly incompatible' with the Federal estate and gift tax statutes as interpreted by the Supreme Court. See sec. 7701." Majority op. p. 20. The majority thus seems to accept respondent's reading of the check-the-box regulations but to conclude that that reading, and thus the activities instruction itself, is invalid because "manifestly incompatible" with the

(continued...)

The validity of the check-the-box regulations, at least as they applied to imposing employment tax obligations directly on the owner of a single-member disregarded entity, has been upheld by this Court, Med. Practice Solutions, LLC v. Commissioner, 132 T.C. __ (2009), and two U.S. Courts of Appeals, McNamee v. Dept. of the Treasury, 488 F.3d 100 (2d Cir. 2007), and Littriello v. United States, 484 F.3d 372 (6th Cir. 2007).[5]  Barring stipulation to the contrary, appeal of this case will lie to the Court of Appeals for the Second Circuit.  See sec. 7482(b)(1)(A), (2).

In McNamee, the taxpayer had elected to treat his single-member LLC as a disregarded entity.  The Commissioner sought to recover employment taxes from the taxpayer that the LLC had failed to pay, on the ground that the LLC was disregarded for Federal tax purposes.  The taxpayer objected that no regulation could deprive him of the protection from liability that local law afforded him as a member of an LLC and argued that the check-the-box regulations "'directly contradict the relevant statutory provisions of the Internal Revenue Code'".  McNamee v. Dept. of

[4](...continued)
Internal Revenue Code.  In this section of this separate opinion, I show that the regulation in issue, including the activities instruction, is a valid interpretation of the statute.  In sec. III., supra, of this separate opinion, I have set forth the reasons respondent's reading of that regulation must be accepted.

[5] For employment taxes related to wages paid on or after Jan. 1, 2009, a disregarded entity is treated as a corporation for purposes of employment tax reporting and liability.  Sec. 301.7701-2(c)(2)(iv), Proced. & Admin. Regs.

the Treasury, supra at 104.  The relevant statutory provisions were the first three paragraphs of section 7701(a), defining the terms "Person", "Partnership", and "Corporation".  Id. at 106.[6]

In upholding the check-the-box regulations against challenge in McNamee v. Dept. of the Treasury, supra at 105, the Court of Appeals applied the following standard:

> In reviewing a challenge to an agency regulation interpreting a federal statute that the agency is charged with administering, the first duty of the courts is to determine "whether the statute's plain terms 'directly addres[s] the precise question at issue.'" National Cable & Telecommunications Ass'n v. Brand X Internet Services, 545 U.S. 967, 986 * * * (2005) * * * (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 * * * (1984)). "If the statute is ambiguous on the point, we defer . .

---

[6] In pertinent part, sec. 7701(a) provides as follows:

SEC. 7701.  DEFINITIONS.

(a)  When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof--

(1)  Person.--The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation.

(2)  Partnership * * *.--The term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation * * *

(3)  Corporation.--The term "corporation" includes associations * * *

. to the agency's interpretation so long as the construction is 'a reasonable policy choice for the agency to make.'" National Cable, 545 U.S. at 986 * * * (quoting Chevron, 467 U.S. at 845 * * *). * * *

The Court of Appeals found the definitions ambiguous with respect to the classification of single-member LLCs. Id. at 106-107. Emphasizing the taxpayer's choice in having his LLC disregarded or treated as a corporation, the court concluded that the check-the-box regulations "[provided] a flexible response to a novel business form" and "are [not] arbitrary, capricious, or unreasonable." Id. at 109. In other words, notwithstanding the protection from the liabilities of his LLC that Mr. McNamee enjoyed under local law, see id. at 107, nothing in the relevant section 7701(a) definitions deprived the Secretary of the authority to write a regulation permitting Mr. McNamee to waive that protection, at least as it pertained to the employment tax liabilities of the entity, in exchange for escaping the double taxation that would result if he failed to make that waiver, see id. at 109, 111. The Court of Appeals thus rejected Mr. McNamee's contention that the limited liability rights he enjoyed under local law protected him from the Commissioner's action to collect his LLC's unpaid payroll taxes. Id. at 111.

Contrary to the majority's suggestion that State law, not Federal law, defines for valuation purposes under the Federal gift tax the property rights and interests a donor transfers (see majority op. p. 19), McNamee v. Dept. of the Treasury, supra,

stands for the proposition that Federal law, in the form of the check-the-box regulations, does define the property rights and interests so transferred. In other words, the Court of Appeals in McNamee construed the check-the-box regulations to modify the bundle of rights that Mr. McNamee enjoyed under local law and that constituted ownership of the LLC.

We are not at this point discussing the meaning of the activities instruction, having settled that in section III., supra, of this separate opinion. We are considering only the validity of the regulation, section 301.7701-2(a), Proced. & Admin. Regs., setting forth that instruction. In the light of McNamee v. Dept. of the Treasury, supra,[7] I find that the first three paragraphs of section 7701(a), which, as in that case, appear to be the relevant statutory provisions, do not plainly speak to the question of whether, for gift tax purposes, the Secretary may write a regulation requiring that the wrapper be disregarded in determining what property the owner of a single-member disregarded entity transfers when she transfers an interest in the entity. As to the question of what constitutes the bundle of rights enjoyed by the owner of a single-member disregarded

---

[7] In considering the persuasive value of another court's opinion, we must consider not only the result but the rationale for that result. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 67 (1996) ("When an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound.").

entity, the Court of Appeals clearly stated that, at least for payroll tax purposes (under the preamendment version of the regulation), the limited liability that local law accorded the owner is ignored. McNamee v. Dept. of the Treasury, 488 F.3d at 111. Indeed, section 301.7701-1(a)(1), Proced. & Admin. Regs., provides: "Whether an organization is an entity separate from its owners for federal tax purposes is a matter of federal tax law and does not depend on whether the organization is recognized as an entity under local law." If the definitions in section 7701(a)(1) through (3) are consistent with disregarding one right in the bundle of rights enjoyed by the owner of a single-member disregarded entity, why are they not consistent with disregarding more than one right in that bundle; indeed, why are they not consistent with disregarding the entirety of the bundle (i.e., the wrapper) that separates the owner from the underlying assets? McNamee thus convinces me that, in the context of this case, the check-the-box regulations are not arbitrary, capricious, or unreasonable, and, therefore, are valid.

As I point out in section III., supra, of this separate opinion, the Commissioner has plainly taken the position that, pursuant to the check-the-box regulations, for purposes of the income tax, the wrapper is disregarded and the owner of a single-member disregarded entity transferring an interest in the entity is deemed to transfer an interest in the underlying assets of the

entity.  Neither petitioner nor the majority suggests that transfers of interests in single-member disregarded entities cannot be treated as described.  While the income tax provisions of the Internal Revenue Code are not to be construed as though they were in pari materia with the gift tax provisions, Farid-Es-Sultaneh v. Commissioner, 160 F.2d 812, 814 (2d Cir. 1947), revg. 6 T.C. 652 (1946), there is nothing in the definitions in section 7701(a)(1) through (3) of "Person", "Partnership", and "Corporation" that indicates that those terms should have different meanings for purposes of the income and gift tax provisions of the Internal Revenue Code.

While the majority does not acknowledge that it is addressing the validity of the check-the-box regulations, I believe that it is rejecting the activities instruction as an invalid construction of the statute.  See supra note 4 and accompanying text.  Its reason for doing so is that "the Commissioner cannot by regulation overrule the historical Federal gift tax valuation regime contained in the Internal Revenue Code and substantial and well-established precedent in the Supreme Court, the Courts of Appeals, and this Court".  Majority op. p. 21.  While certainly the Secretary cannot by regulation overrule the Internal Revenue Code, judicial construction of a statute must, except in one instance, give way to later administrative construction:

> A court's prior judicial construction of a statute
> trumps an agency construction otherwise entitled to

> Chevron deference only if the prior court decision holds
> that its construction follows from the unambiguous terms
> of the statute and thus leaves no room for agency
> discretion. * * *

Natl. Cable & Telecomms. Association v. Brand X Internet Servs.,

545 U.S. 967, 982 (2005).

Moreover, while application of the check-the-box regulations to section 2501(a) may well result in a radical departure from settled rules, as the majority suggests, see majority op. p. 21, the majority fails to acknowledge that, at the time of their adoption, the check-the-box regulations represented a radical departure for income tax purposes from prior caselaw and regulatory precedent, beginning with the seminal Supreme Court case of Morrissey v. Commissioner, 296 U.S. 344 (1935). The Supreme Court in Morrissey used various factors to classify business trusts as either true trusts or associations taxable as corporations (associations). Subsequent regulations extended the factors approach to the classification of other business entities. The check-the-box regulations, in effect, overrule Morrissey by providing that, with certain exceptions, an unincorporated organization comprising two or more associates may elect its classification, as a partnership or corporation, for Federal tax purposes, regardless of the number of corporate characteristics it possesses under State (or foreign) law. Moreover, the right of an unincorporated single-member organization with a preponderance of corporate characteristics, which constitutes an entity separate

from its owner under State (or foreign) law, to elect to be disregarded for Federal income tax purposes was <u>unprecedented</u> under the then-existing law.[8]  The check-the-box regulations thus constituted a radical departure from existing jurisprudence that prompted many commentators to question their validity.  See <u>Dover Corp. & Subs. v. Commissioner</u>, 122 T.C. 324, 331 n.7 (2004).  That concern has been put to rest by <u>McNamee v. Dept. of the Treasury</u>, 488 F.3d 100 (2d Cir. 2007), <u>Littriello v. United States</u>, 484 F.3d 372 (6th Cir. 2007), and <u>Med. Practice Solutions, LLC v. Commissioner</u>, 132 T.C. __ (2009), all of which concerned single-member disregarded entities.  If the check-the-box regulations trump Supreme Court precedent regarding the role of State law in determining entity classification for Federal income or employment tax purposes, then surely they must also supersede judicial precedent respecting State law concepts of property rights for

---

[8] See, e.g., <u>Hynes v. Commissioner</u>, 74 T.C. 1266, 1286 (1980) (State law trust with a single beneficiary classified as an association because it possessed a preponderance of corporate characteristics, including associates and a joint profit motive); <u>Barnette v. Commissioner</u>, T.C. Memo. 1992-371 (German GmbH wholly owned by U.S. corporation classified as an association because it possessed a preponderance of the remaining four corporate characteristics after disregarding the two corporate characteristics absent from both one-man corporations and sole proprietorships; viz, "associates" and an objective to carry on a business for "joint" profit), affd. without published opinion 41 F.3d 667 (11th Cir. 1994); see also Wirtz & Harris, "Tax Classification of the One-Member Limited Liability Company", 59 Tax Notes 1829 (June 28, 1993).

Federal gift (and estate) tax purposes. Yet that is precisely the conclusion the majority denies.

Respondent's interpretation of section 301.7701-2(a), Proced. & Admin. Regs., is a valid construction of section 7701(a)(1) through (3).

V. Conclusion

As stated above, section 2501(a) imposes a tax on the transfer of property by gift and section 2512(a) provides that the amount of a gift of property is the value of the property on the date of the gift. We are here required to identify for purposes of those provisions the property petitioner transferred when she conveyed two 9.5-percent interests in Pierre LLC to two trusts. Respondent argues that, because petitioner elected to treat Pierre LLC as a disregarded entity, she is properly treated as transferring two 9.5-percent undivided interests in the LLC's assets rather than two 9.5-percent interests in the LLC itself. Respondent relies on the check-the-box regulations as authority to so identify the property petitioner transferred. After applying traditional tools of statutory and regulatory construction to the pertinent language of the regulations, I agree with respondent as to the identity of the property transferred.

In conclusion, I note that, when identifying the property transferred for purposes of the gift tax, applying the check-the-box regulations in the manner respondent construes them will not

always be adverse to taxpayers. If the donor transfers a controlling interest in her single-member disregarded entity holding, say, real property, the discount attaching to the undivided interest in the real property deemed transferred may exceed the discount, if any, attaching to the controlling interest nominally transferred.[9] The check-the-box regulations put the choice of entity classification in the hands of the taxpayer. That the taxpayer bears any burden along with the benefits seems only fair.

KROUPA and HOLMES, JJ., agree with this dissenting opinion.

---

[9] Here it appears that petitioner has not claimed a discount on account of any undivided interest in property transferred.

KROUPA, J., dissenting:  The majority opinion allows an octogenarian taxpayer to give away $4.25 million in cash and marketable securities at a substantial discount in gift taxes because she put them in a limited liability company (LLC), despite a regulation telling us that "for federal tax purposes," that LLC should be "disregarded."  The majority is either ignoring the plain language of the regulation or silently invalidating it.  I must respectfully dissent.

The majority fails to apply the plain language of sections 301.7701-1 through 301.7701-3, Proced. & Admin. Regs. (collectively the check-the-box regulations), which require that a single-member LLC be disregarded for "federal tax purposes."  As the trier of fact, I find no fault with the facts upon which the majority addresses the legal issue.  I take exception, however, to how the majority frames the legal issue.  Neither party argued that the regulations are invalid.  Yet the majority has, in effect, invalidated the check-the-box regulations for Federal gift tax purposes without providing the necessary legal analysis to do so.

I.    The Plain Language of the Check-the-Box Regulations

The check-the-box regulations provide that an "entity with a single owner can elect to be classified as an association or to be disregarded as an entity separate from its owner."  Sec. 301.7701-3(a), Proced. & Admin. Regs.  The regulations further provide that

"[w]hether an organization is an entity separate from its owners for federal tax purposes is a matter of federal tax law and does not depend on whether the organization is recognized as an entity under local law."[1]  Sec. 301.7701-1(a)(1), Proced. & Admin. Regs. (emphasis added).  The crux of my dispute with the majority is how the majority interprets these provisions.

The majority ignores the plain language of the check-the-box regulations and holds instead that Pierre LLC must be respected as an entity separate from petitioner for Federal gift tax purposes. The majority fails to discuss, however, what it means for an entity not to be "separate" from its owner.  The regulations provide that the owner of a disregarded entity is treated as the owner of its property.  See sec. 301.7701-3(g)(1)(iii) and (iv), Proced. & Admin. Regs.  Likewise, the Court of Appeals for the Second Circuit, the court to which this case is appealable,[2] has said "'if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship * * * of the owner.'" McNamee v. Dept. of the Treasury, 488 F.3d 100, 107-108 (2d Cir.

---

[1]The Commissioner has set forth specific, limited exceptions in the regulations to this general rule that took effect after the year at issue.  See sec. 301.7701-2(c)(2)(iii), (iv), and (v), Proced. & Admin. Regs.  He has also issued Chief Counsel Advice 199930013 (Apr. 18, 1999) concluding that a single-member LLC could not be disregarded for collection purposes under secs. 6321 and 6331.

[2]Petitioner resided in New York when she filed the petition. See sec. 7482(b)(1)(A).

2007) (quoting section 301.7701-2(a), Proced. & Admin. Regs.).
Yet the majority ignores these authorities and minimizes the
check-the-box regulations as simply rules of classification for
Federal income tax purposes.  See majority op. pp. 11-15, 20.  In
doing so, the majority limits the phrase "federal tax purposes" to
Federal income tax purposes.  See majority op. pp. 19-20.  The
majority's interpretation is wrong for several reasons.

First, the check-the-box regulations do not read "for federal
income tax purposes."  Instead, the regulations are drafted
broadly.  The check-the-box regulations apply to the entire Code.
See sec. 7701(a).  Had the drafters of the check-the-box
regulations intended that they apply only for income tax purposes,
the drafters would have used the phrase "federal <u>income</u> tax
purposes."  This phrase is used extensively throughout the
regulations.  See, e.g., sec. 1.6050K-1(e)(2), Income Tax Regs.;
sec. 53.4947-1(b)(2)(iii), Foundation Excise Tax Regs.; sec.
301.6362-5(c)(1)(i), Proced. & Admin. Regs.  The drafters
expressed their intent when they chose not to limit the
regulations' scope to Federal <u>income</u> tax.

In addition, the drafters could have specifically excluded
gift tax from the regulations' scope had the drafters intended
that result.  They did not do so when the regulations were
originally drafted.  See T.D. 8697, 1997-1 C.B. 215.  They also
did not do so when the regulations were subsequently amended

specifically to exclude employment and certain excise taxes from the regulations' scope concerning disregarded entity status. See sec. 301.7701-2(c)(2)(iv) and (v), Proced. & Admin. Regs.; T.D. 9356, 2007-2 C.B. 675 (effective January 1, 2009). Tellingly, the preamble to the amended regulations states that single-owner entities "generally would continue to be treated as disregarded entities for other federal tax purposes" after amendment. See Notice of Proposed Rulemaking, 70 Fed. Reg. 60475 (Oct. 18, 2005). I fail to see how "for other federal tax purposes" means "for other Federal tax purposes except gift tax purposes."

The check-the-box regulations expressly tell us to treat the owner of a single-member LLC as the owner of its assets. Sec. 301.7701-3(g)(1)(iii) and (iv), Proced. & Admin. Regs. In addition, the owner of a disregarded entity that elects to have the entity treated as a corporation is deemed to have contributed all of the assets and liabilities of the entity to a corporation in exchange for stock. Sec. 301.7701-3(g)(1)(iv), Proced. & Admin. Regs. Similarly, a single-member corporation that elects to be disregarded is treated as distributing all of its assets and liabilities to its single owner. Sec. 301.7701-3(g)(1)(iii), Proced. & Admin. Regs. The check-the-box regulations consistently

treat single owners who choose noncorporate status for their LLCs as holding the property of these disregarded entities.[3]

The majority also fails to address other guidance from the Commissioner that treats the owner of a single-member LLC as the owner of its underlying property.  Rev. Rul. 99-5, 1999-1 C.B. 434, describes the Federal tax consequences when a disregarded single-member LLC becomes an entity with more than one owner and is classified as a partnership for Federal tax purposes.  The ruling requires that the single owner be treated as selling an interest in each of the assets if an interest in the LLC is sold. Id.  The ruling also states that, if the interest is obtained through a capital contribution, the single owner is treated as having contributed all of the assets of the LLC to the new partnership for an interest.  Id.  In both instances, the single owner is treated as the owner of the assets of the LLC as required under the check-the-box regulations.

The majority further ignores the Commissioner's consistent treatment of single-member LLC owners as the owners of the LLC's underlying assets.  The Commissioner has issued numerous private

---

[3]There is nothing radical about this.  It is essentially a limited form of piercing the corporate veil "for federal tax purposes."  The State-law concept of piercing the corporate veil means, and the regulations echo, that a "court will disregard the corporate entity * * * and treat as identical the corporation and the individual or individuals owning all its stock and assets." 14 N.Y. Jur.2d Business Relationships sec. 34 (2009).

letter rulings on this issue.[4]  For example, the owner of a

single-member LLC is treated as owning the LLC's underlying assets

for purposes of determining like-kind exchange treatment on the

exchange of property under section 1031(a)(1), though the owner

has no State law property interest in the LLC's assets.[5]  See

Priv. Ltr. Rul. 200732012 (May 11, 2007); Priv. Ltr. Rul.

200251008 (Sept. 11, 2002); Priv. Ltr. Rul. 200131014 (May 2,

2001); Priv. Ltr. Rul. 200118023 (Jan. 31, 2001); Priv. Ltr. Rul.

199911033 (Dec. 18, 1998); Priv. Ltr. Rul. 9807013 (Nov. 13,

1997); Priv. Ltr. Rul. 9751012 (Sept. 15, 1997).  Despite the

Commissioner's consistent treatment of single owners as the owners

of the LLCs' underlying property, the majority insists that the

check-the-box regulations do not apply to determine what property

the single owner owns for Federal gift tax purposes.  See majority

op. p. 20.

 I know of no provision in the Code that requires us to treat

the term "property" used in section 1031(a)(1) differently for

---

[4]Private letter rulings may be cited to show the practice of
the Commissioner.  See Rowan Cos. v. United States, 452 U.S. 247,
261 n.17 (1981); Hanover Bank v. Commissioner, 369 U.S. 672, 686-
687 (1962); Dover Corp. & Subs. v. Commissioner, 122 T.C. 324,
341 n.12 (2004).

[5]This treatment has not been limited to like-kind exchange
situations.  See Priv. Ltr. Rul. 200134025 (May 22, 2001) (single
member of a disregarded entity is treated as the owner of
property it receives for purposes of the exemptions under sec.
514(b)(1)(A) and (c)(9)); Priv. Ltr. Rul. 9739014 (June 26, 1997)
(a single-member LLC is a qualified subchapter S shareholder
because the LLC is disregarded under the regulations).

purposes of section 2501, which imposes a tax on the <u>transfer of property</u> by gift.  The Supreme Court has already told us that the meaning of the word "property" in the Code is a Federal question and Federal courts are "in no way bound by state courts' answers to similar questions involving state law."  <u>United States v. Craft</u>, 535 U.S. 274, 288 (2002).  The majority's reliance on what it calls the longstanding gift tax regime to create such a difference addresses neither the plain language nor the intent of the check-the-box regulations.

II.  <u>The Majority Invalidates the Regulations for Federal Gift Tax Purposes</u>

The majority concludes that the check-the-box regulations do not apply for Federal gift tax purposes.  See majority op. p. 20. I disagree.  I do not minimize a plain language interpretation of the regulations as merely respondent's litigating position.  To do so promotes a distinction without a difference.  Instead, I interpret "federal tax purposes" to mean "federal tax purposes," including Federal gift taxes.

The majority, in effect, invalidates the check-the-box regulations to the extent that the term "federal tax purposes" encompasses Federal gift tax.  The majority does not, however, provide the necessary analysis to do so.  How could they, given that this Court and the Courts of Appeals for the Second and Sixth Circuits have recently blessed the regulations as "eminently reasonable"?  <u>McNamee v. Dept. of the Treasury</u>, 488 F.3d at 109;

<u>Littriello v. United States</u>, 484 F.3d 372, 378 (6th Cir. 2007);
see <u>Med. Practice Solutions, LLC v. Commissioner</u>, 132 T.C. __
(2009).  Instead, the majority concludes that the Commissioner
cannot by regulation overrule the Federal gift tax regime as
interpreted by this Court and others.  See majority op. p. 21.

The majority must provide further analysis.  An agency may
promulgate regulations that overcome the judiciary's prior
construction of a statute, even an entire "regime's" worth of
construction, unless that prior construction followed from the
statute's unambiguous terms.  See <u>Natl. Cable & Telecomms.</u>
<u>Association v. Brand X Internet Servs.</u>, 545 U.S. 967, 982 (2005);
<u>Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S.
837, 863-864 (1984) (an agency may change its prior interpretation
of a statute to meet changing circumstances); <u>Dickman v.</u>
<u>Commissioner</u>, 465 U.S. 330, 343 (1984) ("it is well established
that the Commissioner may change an earlier interpretation of the
law, even if such a change is made retroactive in effect").  Thus,
the majority's reliance on the longstanding gift tax regime before
the issuance of the check-the-box regulations is not enough to
invalidate the regulations if the related statute is ambiguous.

The Court of Appeals for the Second Circuit has already held
that section 7701 is ambiguous as to the Federal tax treatment of
single-member LLCs.  <u>McNamee v. Dept. of the Treasury</u>, <u>supra</u> at
107.  Further, the court concluded that the check-the-box

regulations reasonably interpret, and fill gaps in, an ambiguous statute and are entitled to deference under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., supra. McNamee v. Dept. of the Treasury, supra at 105-107; see Littriello v. United States, supra at 376-378. The majority ignores this relevant Second Circuit precedent and concludes, without discussion of any degree of deference, that an entity's classification for income tax purposes is irrelevant to how a donor must be taxed under the Federal gift tax provisions on a transfer of an ownership interest in the LLC. See majority op. pp. 19-20.

The majority misstates the issue. The majority writes that:

> While we accept that the check-the-box regulations govern how a single-member LLC will be taxed for Federal tax purposes, i.e., as an association taxed as a corporation or as a disregarded entity, we do not agree that the check-the-box regulations apply to disregard the LLC in determining how a donor must be taxed under the Federal gift tax provisions on a transfer of an ownership interest in the LLC. * * *

Majority op. pp. 19-20. The check-the-box regulations determine whether a single-member entity exists at all for Federal tax purposes rather than how that entity will be taxed.

The majority distinguishes between the "classification" and the "valuation" of an entity. But that distinction is false. The gift tax regulations provide guidance on how to value interests in a corporation, a partnership, and a proprietorship. See secs. 25.2512-2 and 25.2512-3, Gift Tax Regs. They do not provide guidance on how to value an interest in a single-member LLC.

Accordingly, we must first "classify" the entity, and only then can we "value" its interests.  I submit that the ambiguity of section 7701 extends to gift tax valuation.  The majority cannot trivialize the check-the-box regulations by dismissing them as irrelevant.

## III. The Majority's Reliance on the Gift Tax Regime

The majority concludes that it would be manifestly incompatible with the gift tax regime if we did not respect Pierre LLC for gift tax purposes because New York law provides that a member has no interest in specific property of the LLC while a membership interest in an LLC is personal property.  N.Y. Ltd. Liab. Co. Law sec. 601 (McKinney 2007).  I disagree.  The check-the-box regulations provide the Federal tax consequences of what is, in effect, an agreement between the taxpayer and the Commissioner to treat an entity in a certain way for Federal tax purposes despite the entity's State law classification.  There is simply no LLC interest left to value for Federal gift tax purposes when a single-member LLC elects to be disregarded.  It therefore does not matter whether State law recognizes an LLC as a valid entity or provides that a member has no interest in any of the specific property of the LLC.  See sec. 301.7701-1(a)(1), Proced. & Admin. Regs.  The check-the-box regulations specifically say that Federal law determines whether a single-member entity is recognized as separate from its owner.  Id.

The majority dismisses relevant precedent from two Federal Courts of Appeals addressing this conflict between State law rights of single-member LLC owners and the consequences of disregarded entity status under the check-the-box regulations. See McNamee v. Dept. of the Treasury, 488 F.3d 100 (2d. Cir. 2007); Littriello v. United States, 484 F.3d 372 (6th Cir. 2007). The Court of Appeals for the Second Circuit rejected a taxpayer's argument that he was not liable for his single-member LLC's unpaid payroll taxes because Connecticut law provided that the owner is not personally liable for the LLC's debts. See McNamee v. Dept. of the Treasury, supra. The court noted that, while State laws of incorporation control various aspects of business relations, they may affect, but do not necessarily control, the application of Federal tax provisions. Id. at 111 (quoting Littriello v. United States, supra at 379). Accordingly, a single-member LLC is entitled to whatever advantages State law may extend, but State law cannot abrogate its owner's Federal tax liability. Id.

The majority minimizes this relevant analysis in McNamee and Littriello. The majority summarily concludes that it is not relevant because the courts did not specifically address gift tax. See majority op. p. 15. The courts had no reason to address gift tax issues. That does not mean, however, that the courts' analyses should be ignored.

Both the McNamee and Littriello courts recognized that the check-the-box regulations applied equally to the nonincome-tax issue of employment tax liability.  Determining an owner's liability for employment taxes is as far removed from determining the owner's income tax liability as is determining the owner's gift tax liability.  The Code imposes both Federal employment tax liability and Federal gift tax liability separate and apart from determining a taxpayer's income tax liability.  The majority fails to recognize that the single owner's liability for employment taxes turns upon disregarding the LLC for Federal tax purposes rather than upon the identity of the taxpayer.  See Med. Practice Solutions, LLC v. Commissioner, 132 T.C. at __ (slip op. at 5) (a single-member LLC "and its sole member are a single taxpayer or person to whom notice is given"); see also McNamee v. Dept. of the Treasury, supra at 111 (an entity disregarded as separate from its owner "cannot be regarded as the employer"); Littriello v. United States, supra at 375, 378 (recognizing a single owner as the individual who "owns all the assets, is liable for all debts, and operates in an individual capacity").  Despite the majority's wish, Pierre LLC does not exist apart from petitioner for gift tax purposes, and petitioner should be treated as holding its assets.

Further, the Second and Sixth Circuit Courts of Appeals stressed that the taxpayer could have escaped personal liability for the LLC's tax debt if the taxpayer had simply elected

corporate status for the single-member LLC.  McNamee v. Dept. of the Treasury, supra at 109-111; Littriello v. United States, supra at 378.  The same principle applies here.  Petitioner could have elected to treat Pierre LLC as a corporation.  She did not.  The Supreme Court has repeatedly recognized that "while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not."  Commissioner v. Natl. Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 149 (1974).  I would hold petitioner to her choice.

Finally, the majority overlooks the broad scope of the gift tax statutes in concluding that the check-the-box regulations are manifestly incompatible with the gift tax regime.  Congress intended to use the term "gifts" in its most comprehensive sense. Commissioner v. Wemyss, 324 U.S. 303, 306 (1945).  The gift tax applies whether the gift is direct or indirect.  Sec. 2511. Accordingly, transfers of property by gift, by whatever means effected, are subject to Federal gift tax.  Dickman v. Commissioner, 465 U.S. at 334.  Moreover, we have used substance over form principles to get to the true nature of the gift where the substance of a gift transfer does not fit its form.  See Kerr v. Commissioner, 113 T.C. 449, 464-468 (1999), affd. on another issue 292 F.3d 490 (5th Cir. 2002); Astleford v. Commissioner, T.C. Memo. 2008-128; Estate of Murphy v. Commissioner, T.C. Memo.

1990-472.  We have also used the step transaction doctrine, which has been called "'well-established'" and "'expressly sanctioned'" in the area of gift tax where intra-family transactions often occur.  See Senda v. Commissioner, 433 F.3d 1044, 1049 (8th Cir. 2006) (quoting Commissioner v. Clark, 489 U.S. 726, 738 (1989)), affg. T.C. Memo. 2004-160.  The majority would instead have us apply the opposite approach, accepting petitioner's own label rather than the substance of her choice.

Despite this broad expanse of gift taxes, the majority would require Congressional action before any State law property right could be disregarded for Federal gift tax purposes.  See majority op. pp. 20-21.  The majority cites four special valuation statutes (sections 2701-2704) to imply that Congress will take action when necessary to overcome the "willing buyer, willing seller" gift tax valuation rule.  See majority op. p. 21.  I know of no authority, however, that prevents the promulgation of regulations affecting the so-called gift tax regime.

IV.  Conclusion

The plain language of the regulations requires Pierre LLC to be "disregarded as an entity separate from its owner."  Unlike the majority, I give meaning to these words.  I do not minimize this language by labeling it a classification.  A plain language interpretation of the check-the-box regulations must prevail.  It

is an interpretation of relevant regulations.  It is not manifestly incompatible with the gift tax statutes.

For the foregoing reasons, I respectfully dissent.

COLVIN, HALPERN, GALE, HOLMES, and PARIS, JJ., agree with this dissenting opinion.