T.C. Memo. 2010-286

UNITED STATES TAX COURT

JUDITH F. LANG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27276-08.          Filed December 30, 2010.

John O'Brien and Timothy O'Brien (specially recognized), for
petitioner.

Molly H. Donohue, for respondent.

MEMORANDUM OPINION

GOEKE, Judge:  Respondent determined a deficiency in
petitioner's Federal income tax for tax year 2006.  The sole
issue for decision is whether petitioner may deduct medical
expenses and real estate tax.  For the reasons stated herein, we
find that petitioner may deduct both.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122.[1]  We incorporate the stipulation of facts into our findings by this reference.  Petitioner resided in Massachusetts when the petition was filed.

Petitioner timely filed her 2006 Federal income tax return.  On Schedule A, Itemized Deductions, petitioner claimed $35,355 in itemized deductions consisting of:  (1) $27,776 in medical expenses, (2) $339 in State and local taxes, (3) $6,840 in real estate tax, and (4) $400 in gifts to charity.

Petitioner's mother, Frances Field (Mrs. Field), paid $24,559 directly to medical providers on account of petitioner's medical expenses and paid $5,508 directly to the city government on account of petitioner's real estate tax.  Petitioner was not a minor, and Mrs. Field was not legally obligated to pay petitioner's expenses.

On August 4, 2008, respondent issued to petitioner a notice of deficiency in which respondent determined a deficiency of $3,309 for tax year 2006.  Petitioner timely petitioned this Court.

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

Discussion

I.  Burden of Proof

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any claimed deductions.  Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

II.  Arguments of the Parties

It is petitioner's position that although Mrs. Field made the payments directly to petitioner's creditors, we should consider them to have in substance passed from Mrs. Field to petitioner and then to petitioner's creditors; therefore petitioner should be entitled to deduct the payments.

Respondent contends that the form of the transaction should apply and that because the money was paid directly from Mrs. Field to petitioner's creditors, petitioner may not claim the deductions.

III.  Whether Petitioner May Deduct the Payments

A.  The Medical Expenses

Section 213(a) allows a deduction for unreimbursed expenses paid during the taxable year for medical care of the taxpayer or a dependent.

Respondent does not assert that Mrs. Field claimed the medical expense deduction for the amounts paid for her daughter, only that Mrs. Field paid the expenses and therefore petitioner is not entitled to the deduction.

There is precedent for State law controlling whether a gift at the time of payment affects who is the payor. See, e.g., Ruch v. Commissioner, T.C. Memo. 1982-493, revd. on another issue 718 F.2d 719 (5th Cir. 1983). Mrs. Field made the medical expense payments for her daughter with donative intent. Although Mrs. Field and petitioner would not be subject to the gift tax,[2] the income tax treatment in this context is not controlled by the gift tax consequence. See Pierre v. Commissioner, 133 T.C. 24, 35 (2009). Applying substance over form, we treat petitioner as

---

[2]Sec. 2501(a)(1) provides that there shall be a tax on gifts of property made by a donor. Sec. 2503(b) provides a limited annual exclusion from the gift tax; for 2006 the first $12,000 in gifts to each donee from a donor was not taxable.

Sec. 2503(e)(1) and (2)(B) supplements the annual exclusion, treating payments by a donor "to any person who provides medical care * * * with respect to [a donee]" as qualified transfers. Such qualified transfers are not subject to the gift tax and do not count toward the annual exclusion. See sec. 2503(e)(1). In order to take advantage of the medical care exclusion, the donor must make the payment directly to the medical service provider treating the donee. Sec. 25.2503-6(c), Example (4), Gift Tax Regs.

While most indirect gifts such as payments to a third party on behalf of a donee are treated as gifts to the donee, qualified transfers such as payments made directly to a medical care provider are not treated as gifts to the donee for gift tax purposes. Sec. 2503(e)(1); sec. 25.2511-1(c)(1), (h)(2) and (3), Gift Tax Regs.

having received from her mother a gift of $24,559 with which petitioner paid her own medical expenses. Petitioner should be credited with having made the payments for purposes of the income tax deduction in question.

B. The Real Estate Tax

Section 164(a) provides that State and local real estate taxes are deductible in the year paid or accrued.

To provide background we will explain the gift tax consequences. The regulations identify indirect gifts, such as payments made to a third party on behalf of a donee, as a "transfer" to the donee. Sec. 25.2511-1(a), (c)(1), (h)(2) and (3), Gift Tax Regs.

Mrs. Field paid $5,508 directly to the city government in discharge of petitioner's obligation for real estate tax. Again applying substance over form, we treat petitioner as having received from her mother a gift of the $5,508 with which petitioner paid the city in satisfaction of her own real estate tax. Thus petitioner is entitled to a deduction under section 164 for that amount.

We note that there is no danger of a "double deduction" arising from our decision on this issue. See Rome I, Ltd. v. Commissioner, 96 T.C. 697, 704 (1991) ("Double deductions are impermissible * * * absent a clear declaration of intent of Congress."). Because the real estate tax was imposed upon

petitioner, she is the only taxpayer who may deduct it; Mrs. Field may not.  See sec. 1.164-1(a), Income Tax Regs.

IV.  <u>Conclusion</u>

For the reasons discussed hereinabove, we find that petitioner may deduct the medical expenses paid and the real estate tax in question.

To reflect the foregoing and the resolution of other issues,

<u>Decision will be entered</u>

<u>under Rule 155</u>.